Mitchell **BOUNDS,** Plaintiff–Appellant,

v.

**BELL ATLANTIC ENTERPRISES FLEXIBLE LONG–TERM DISABILITY PLAN, Defendant–Appellee.**

No. 93–3739.

United States Court of Appeals, Eighth Circuit.

Submitted May 11, 1994.

Decided Aug. 9, 1994.

William R. Hirsch, Clayton, MO, argued, for appellant.

Mark E. Schmidtke, Valparaiso, IN, argued (Michael A. Clithero, on the brief), for appellee.

Before LOKEN, Circuit Judge, BRIGHT, Senior Circuit Judge, and HANSEN, Circuit Judge.

LOKEN, Circuit Judge.

Mitchell Bounds appeals the district court's[1] grant of summary judgment dismissing his claim for additional long-term disability benefits against Bell Atlantic Enterprises Flexible Long–Term Disability Plan (the "Plan"). The claim is governed by ERISA. *See* 29 U.S.C. § 1132(a)(1)(B). Bounds argues that the district court improperly applied a deferential standard in reviewing the Plan's decision to deny benefits. Concluding that summary judgment was appropriate under a *de novo* standard as well, we affirm.

Bounds worked for Bell Atlantic Enterprises until mid-January, 1988. In September of that year, he applied for total disability benefits under the Plan, claiming that he suffered disabling back and neck injuries on January 7 when he fell down a stairwell. The Plan is funded by a group disability insurance policy issued by the Plan's administrator, The Travelers Indemnity Company of Rhode Island. Travelers approved Bounds's claim effective July 6, 1988, 180 days after he became disabled.

The Plan provides disability benefits for a mental or nervous disorder for only twenty-four months. In mid–1990, based upon medical reports that Bounds was psychologically disabled, Travelers advised him that he must demonstrate a physical disability for benefits to continue beyond July 1990 and requested that he attend an independent medical examination. The examining physician subsequently reported that Bounds "appears to have severe psychiatric problems and psychiatric limitations" but only a five to ten percent permanent partial disability from his prior physical injuries. After receiving additional medical evidence and reviewing Bounds's entire medical file, Travelers determined that his inability to work "is due to a severe psychiatric condition" and terminated his disability benefits. Bounds then commenced this action for continued benefits.

Eight days after the district court's discovery completion deadline, the Plan moved for summary judgment, submitting the applica-

1. The HONORABLE CAROL E. JACKSON, United States District Judge for the Eastern District of Missouri.

ble Travelers group policy, an affidavit from the Travelers case manager responsible for processing Bounds's claim, and copies of the 250–page claim file that was before Travelers when it denied additional disability benefits. Bounds did not respond to this motion. Two months later, the court granted summary judgment, concluding that the evidence "establishes that [the Plan's] decision to deny [Bounds] benefits was not arbitrary and capricious." Without filing a post-judgment motion in the district court, Bounds appealed.

■ Bounds argues a single issue on appeal—that the district court erred in applying a deferential standard in reviewing the Plan's denial of his claim. ERISA is silent as to the applicable standard of review. Borrowing from the law of trusts, the Supreme Court held that one of two standards is appropriate: "a denial of benefits challenged under § 1132(a)(1)(B) is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 115, 109 S.Ct. 948, 956–57, 103 L.Ed.2d 80 (1989). If the plan confers discretion on the trustee, a deferential standard of review applies (abuse of discretion or arbitrary and capricious). *Id.* at 111–113, 109 S.Ct. at 954–56.

■ The Plan argues that the district court properly applied a deferential standard in this case because the Travelers group policy provides that claims will be paid "after The Travelers receives adequate proof of loss." We disagree. The referenced proof-of-loss provision is common in insurance policies. The Plan points to no explicit discretion-granting language in the Travelers policy, such as the "as determined" clause in *Finley v. Special Agents Mut. Benefit Ass'n,* 957 F.2d 617, 620–21 (8th Cir.1992), or the "all proof must be satisfactory to us" language in *Donato v. Metropolitan Life Ins. Co.,* 19 F.3d 375, 378–80 (7th Cir.1994).

■ Under *Bruch,* a plan has the option of specifying a deferential standard of review, which in turn will affect claims-process-ing issues such as the extent to which the plan decision-maker must explain its benefit decisions, *see Cox v. Mid–America Dairymen, Inc.,* 965 F.2d 569, 573–74 (8th Cir. 1992), and whether the reviewing court is limited to the evidence presented to the plan decision-maker, *see Donatelli v. The Home Ins. Co.,* 992 F.2d 763, 765 (8th Cir.1993). *Bruch* declared that the proper way to elect this deferential standard is to grant express discretionary authority to the plan administrator or fiduciary. Predictability in the law furthers the goal of efficient plan administration. Thus, we conclude that the deferential standard under *Bruch* is not triggered by an insurance policy's proof-of-loss provision unless it expresses an intent to confer discretion.

■ After completion of discovery, the Plan moved for summary judgment and supported its motion by submitting the entire Travelers claim file. The medical evidence in that file strongly supports the Plan's decision that, as of July 1990, Bounds was no longer entitled to disability benefits because he was not then physically disabled and he had exhausted the policy's twenty-four months of mental disability benefits. Bounds submitted *nothing* in response to that motion—no memorandum of law discussing the standard of review, and no facts rebutting the medical evidence in the Travelers claim file.

When the district court granted summary judgment, employing what appeared to be a deferential standard of review, Bounds filed no post-judgment motion. In such a motion, he could have argued that the court had applied the wrong standard of review. Or he could have submitted additional medical evidence and urged the court to overlook his initial failure to respond to the motion for summary judgment. Instead, Bounds has appealed the district court's apparent use of the wrong standard of review, a legal issue never brought to the attention of that court. Given the unrebutted record evidence supporting the Plan's decision under either ERISA standard of review, we conclude that the district court committed no plain error

and its grant of summary judgment must be affirmed.