Betty VESAAS, Plaintiff,

v.

**HARTFORD LIFE & ACCIDENT
INSURANCE COMPANY,**
Defendant.

Civil No. 3–96–15.

United States District Court,
D. Minnesota,
Third Division.

Nov. 14, 1996.

---

Judith K. Schermer, Daniel W. Schermer, Schermer & Schermer, Minneapolis, MN, for Plaintiff.

Eric Tostrud, Schatz, Paquin, Lockridge, Grindal & Holstein, Minneapolis, MN, for Defendant.

## MEMORANDUM OPINION AND ORDER

KYLE, District Judge.

### Introduction

Plaintiff Betty Vesaas ("Vesaas") filed a claim for Long Term Disability benefits with

Defendant Hartford Life & Accident Insurance Company ("Hartford") which Hartford denied. Vesaas then filed this action, claiming Hartford refused to pay her benefits in violation of ERISA. This matter is before the Court on the parties' Cross–Motions for Summary Judgment. For the reasons set forth below, the Court will grant Defendant's Motion and will deny Plaintiff's Motion.

### Facts

Vesaas, age seventy-three, was employed by Beverly Enterprises, Inc. as an activity coordinator. (Tostrud Aff. Ex. 3.) While she was employed, she was covered under Group Disability Policy GLT–24073 (the "Plan"), which Hartford had issued. This policy defined "totally disabled" as being "prevented by disability from doing all the material and substantial duties of your occupation." (Tostrud Aff. Ex. 1 at 7.)

On February 16, 1993, Vesaas sustained injuries when she fell down five stairs at work. (Compl. ¶ 3.) Vesaas continued to work until April 9, 1993, when her physician Dr. Gerald Pitzl ("Dr. Pitzl") recommended that she take a thirty-day leave of absence from work. (Id. Ex. 3; Bromley Aff. Ex. B.) Dr. Pitzl then referred Vesaas to a neurologist, Dr. James Gramprie ("Dr. Gramprie").

In June 1993, Vesaas filed a claim for long term disability benefits with Hartford. (Tostrud Aff. Ex. 3.) In the Attending Physician's Statement of Disability[1] filed with the claim, Dr. Pitzl indicated that Vesaas was suffering from headaches and neck strain and diagnosed the problem as "degenerative changes of lower cervical spine." (Id. Ex. 5.) The portion of the form that covered Mental Impairment asked "what stresses and problems in interpersonal relations ... claimant had on the job." (Id.) Dr. Pitzl stated that Vesaas had an "apparent conflict with administrator." (Id.) Dr. Pitzl left the portions of the statement blank that asked if Vesaas was totally disabled, if she was able to resume work, and if she was incapable of performing any of her job duties. (Id.)

In a letter dated September 17, 1993, Hartford notified Vesaas that it had denied her claim for long-term disability benefits. (Tostrud Aff. Ex. 6.) In this letter, Hartford stated that "medical records do not support a condition sufficiently severe to render total disability," and because of this, they were denying her claim. (Id.) Hartford also informed Vesaas that she could submit additional information to Hartford and they would review her claim. (Id.)

In October 1993, Vesaas appealed Hartford's initial denial of her claim. (Tostrud Aff. Ex. 7.) To aid her appeal, Vesaas provided Hartford with a functional capacities evaluation that Dr. Gramprie completed. On this evaluation, Dr. Gramprie indicated that Vesaas could work no more than four (4) hours per day. (Id.) In his letter accompanying this evaluation, Dr. Gramprie stated "it would be reasonable for her to return to work on a four (4) hour per day basis." (Id. Ex. 9.) Vesaas claims that she tried to return to work but was unable to work because of the pain. (Vesaas Aff. ¶ 4.) There is no evidence in the record, however, demonstrating that Vesaas informed Hartford that she had unsuccessfully attempted to resume working half-days.

Hartford requested additional information from Vesaas' doctors to assist it in deciding her administrative appeal. In response to a question about the primary reason for her leave of absence, Dr. Pitzl indicated that "the basis of her disability is relating to her neck symptoms and not to the personality conflict that she was involved in." (Tostrud Aff. Ex. 11.) In a later response to a letter from Hartford's physician consultant, Dr. Pitzl stated, "it's my opinion that the patient's disability stems more from a personality conflict with her supervisor at work which most likely did precipitate some headaches. Whether the neck symptoms related to anything that happened at work are more left to the expertise of the neurologist." (Id. Ex. 2.) Hartford never asked the neurologist for his opinion on this issue.

In a letter dated May 17, 1994, Hartford affirmed its decision to deny Vesaas' claim. Hartford stated that Vesaas did not meet the requirements of total disability because her "condition did not prevent [her] from performing all the material and substantial

---

1. The Attending Physician's Statement of Disability is a form that Hartford gives to a claimant's treating doctor. It includes several questions about the claimed disability.

duties of [her] occupation." (Tostrud Aff. Ex. 13.) Hartford claimed that Vesaas' doctor had placed no significant limitations on her activities and that her job class is considered only "Light Work," involving only occasional lifting. (*Id.*)

In August 1994, Dr. Pitzl sent Hartford a letter, attempting to clarify the cause of Vesaas' disability. Dr. Pitzl stated that Vesaas was seen initially because of a personality conflict at work and "the neck symptoms were brought up in a retroactive fashion." (Tostrud Aff. Ex. 14.) It was Dr. Pitzl's opinion that Vesaas' "disability is not dependent upon personality conflict but rather the neck symptoms that she has." (*Id.*) Hartford treated this letter as a second appeal of its decision to deny benefits, and reaffirmed its decision to deny benefits because Dr. Pitzl made contradictory statements about the cause of Vesaas' disability and presented no objective medical documentation to support his most current conclusion. (*Id.* Ex. 15.)

Vesaas then filed this action in Hennepin County District Court, and Hartford removed it to federal court on January 5, 1996. Vesaas claims that Hartford wrongfully denied her disability benefits in violation of ERISA. Hartford responds that Vesaas' claim is preempted by ERISA's two-year statute of limitations.[2] In addition, it argues that its decision to deny benefits must be upheld because it is not arbitrary and capricious.

**Discussion**

**I. Standard of Review**

Federal Rule of Civil Procedure 56 states: [Summary] judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Fed.R.Civ.P. 56(c). Summary judgment is to be granted only where the evidence is such that no reasonable jury could return a verdict for the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S.

242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

The moving party bears the burden of bringing forward sufficient evidence to establish that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). In evaluating the movant's showing, the court views all justifiable inferences in a light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1357, 89 L.Ed.2d 538 (1986); *Liberty Lobby* 477 U.S. at 255, 106 S.Ct. at 2513; *see also Kiemele v. Soo Line Railroad Co.*, 93 F.3d 472, 474 (8th Cir.1996). Where a moving party makes and supports a motion for summary judgment in accordance with Rule 56, a party opposing the motion may not rest upon the allegations or denials of its pleadings; rather, the adverse party's response must "set forth specific facts showing that there is a genuine issue for trial." *Liberty Lobby*, 477 U.S. at 256, 106 S.Ct. at 2514; *see also* Fed.R.Civ.P. 56(e).

**II. Denial of Benefits**

**A. Standard of Review of Hartford's Determination**

█ While ERISA itself does not specify the standard of review courts should apply in reviewing a plan administrator's decision, the Supreme Court has held that a reviewing court should apply a de novo standard of review unless the plan gives the "administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115, 109 S.Ct. 948, 956–57, 103 L.Ed.2d 80 (1989). If the plan gives such a discretionary authority, the court should review the plan administrator's decision for abuse of discretion. *Id.*

█ Hartford argues that its decision to deny Vesaas' benefits should be reviewed under the abuse of discretion standard. (Def.'s Mem. in Supp. of Mot. for Summ. J.

---

**2.** At oral argument, counsel for Hartford indicated that it was no longer pursuing the statute of limitations claim. For this reason, the Court will not address that issue.

at 10 ("Def.'s Mem.").) It contends that it has the authority to determine eligibility for benefits because of the proof of loss provision in the Plan. (*Id.*) Hartford also asserts that the Plan's detailed claim submission and appeal process delegates to it the authority to decide claims, thus triggering the abuse of discretion standard. (*Id.*; Def.'s Reply Mem. in Supp. of Mot. for Summ. J. at 5–6.)

In response, Vesaas argues that the Plan does not give Hartford discretion to determine eligibility for benefits or to construe the terms of the plan. (Pl.'s Mem. in Opp'n to Def.'s Mot. for Summ. J. at 7.) In addition, Vesaas claims that the proof of loss provision refers to matters of procedure, and it does not give Hartford the discretion to deny claims for disability. (*Id.* at 8.) Because of this, Vesaas contends that the Court should review Hartford's decision *de novo.* (*Id.* at 10.)

The Court finds that it should apply the abuse of discretion standard of review to the instant case. The Eight Circuit has indicated that proof of loss provisions can give plan administrators discretion to determine benefits eligibility, triggering the abuse of discretion standard. *See Bounds v. Bell Atlantic Enter. Flexible Long–Term Disability Plan,* 32 F.3d 337, 339 (8th Cir.1994.) In *Bounds,* the Court held "the deferential standard under *Bruch* is not triggered by an insurance policy's proof-of-loss provision unless it expresses an intent to confer discretion." *Id.* The Court concluded that the provision in the plan at issue which stated claims will be paid "after the Travelers receives adequate proof of loss" did not contain any discretionary language. *Id.* The Court noted that a proof of loss clause reading "all proof must be satisfactory to us" did contain discretionary language. *Id.* (quoting *Donato v. Metropolitan Life Ins. Co.,* 19 F.3d 375, 378–80 (7th Cir.1994).)

The Court finds that the proof of loss provision in the instant Plan does express an intent to confer discretion, triggering the abuse of discretion standard of review. The proof of loss provision reads, "The Hartford reserves the right to determine if proof of loss is satisfactory." (Tostrud Aff. Ex. 1 at 15.) Not only does this language clearly indicate that Hartford retains discretion, but it is almost identical to the language in the proof of loss provision in *Donato* that the Eight Circuit indicated as an example of a discretionary granting proof of loss provision.[3] The Court, therefore, will apply the abuse of discretion standard to Hartford's decision.

**B. Review of the Plan's Denial of Benefits**

■■■ Because the Plan gives Hartford discretionary authority, "the proper inquiry is whether the plan administrator's decision was reasonable; i.e., supported by substantial evidence." *Donaho v. FMC Corp.,* 74 F.3d 894, 899 (8th Cir.1996). In determining whether a plan administrator's decision was reasonable, the reviewing court cannot reject the decision simply because it disagrees with it. *Id.* Instead, an administrator's decision is reasonable "if a reasonable person *could* have reached a similar decision, given the evidence before him, not that a reasonable person *would* have reached that decision." *Id.* (emphasis in the original). Thus, a district court "may overturn a decision of the plan administrator only if it is 'without reason, unsupported by substantial evidence, or erroneous as a matter of law'." *Id.* at 900.

■■■ Hartford argues that its determination that Vesaas was not "totally disabled" is reasonable and supported by substantial evidence. (Def.'s Mem. at 11–12.) Hartford points to the following evidence to support its determination that Vesaas was not totally disabled. In her Attending Physician's Statement of Disability, Dr. Pitzl did not identify any physical impairments that Vesaas suffered and did not offer an opinion on whether she was totally disabled. (Tostrud Aff. Ex. 5.) Dr. Pitzl also told Hartford that Vesaas' inability to work was the result of a "*personality conflict*" with her supervisor, and not bodily injury or sickness. (*Id.* Ex.

---

3. Vesaas claims that Hartford did not assert a defect in Vesaas' proof of loss in its preliminary or final letters of denial, but instead raised this as a ground for denial for the first time in its Motion for Summary Judgment. This contention is simply wrong. All three of Hartford's denial letters expressly stated that it was denying Vesaas benefits because she had failed to demonstrate that she met the definition of "totally disabled." (Tostrud Aff. Exs. 6, 13, 16.)

2.) In addition, at the time she appealed Hartford's initial denial of her claim, Dr. Gramprie, her neurologist, opined that Vesaas could work up to four hours per day. (*Id.* Ex. 8.) Finally, although Vesaas alleges that she became totally disabled on February 16, 1993, she continued to work for nearly two more months after this date. (*Id.* Ex. 3.)

In response, Vesaas argues that her treating physician found that she was unable to work. (Pl.'s Mem. in Supp. of Pl's Mot. for Summ. J. at 5.) Because Hartford did not request an independent medical exam, Vesaas contends, it cannot dispute the conclusions of the treating physician. *Id.* Vesaas also argues that the cause of her disability is irrelevant according to the Plan, and therefore, it does not matter if she became disabled because of work related stress or because of injuries caused by her fall at work. (*Id.* at 5–6.)

The Court finds that genuine issues of material fact do not exist regarding whether Hartford abused its discretion when it denied Vesaas' claim for benefits, and therefore, Hartford is entitled to judgment as a matter of law. Hartford has identified substantial evidence that supports its conclusion that Vesaas is not totally disabled. Vesaas is simply wrong when she claims that the evidence of her disability and inability to work is unrebutted. The Court finds that her attending physician and neurologist's statements indicate that she is not totally disabled according to the terms of the Plan.

Under the Plan, a person is totally disabled when she is "prevented by disability from doing all the material and substantial

duties of her occupation." (Tostrud Aff. Ex. 1 at 7.) A disability is defined as "any accidental bodily injury, sickness, or pregnancy." (*Id.* at 4.) On the Attending Physician's Statement of Disability, Dr. Pitzl did not answer any of the questions regarding whether Vesaas was disabled, the extent of her disability, and whether she could do any work. Dr. Pitzl also told Hartford that a personality conflict at work was the primary cause of her inability to work.[4] Moreover, Vesaas' neurologist stated that she could work up to four hours per day.[5] The evidence that Vesaas has presented fails to support a reasonable inference that Hartford's decision was unreasonable. *See Liberty Lobby,* 477 U.S. at 250, 106 S.Ct. at 2511. Based upon the evidence that Hartford had before it, the Court finds that a reasonable person could find Vesaas was not disabled. Defendant is entitled to judgment as a matter of law, and the Court, therefore, will grant Defendant's Motion for Summary Judgment.

### Conclusion

Accordingly, based on the foregoing, and all the files, records, and proceedings therein, **IT IS ORDERED** that Defendant's Motion for Summary Judgment (Doc. No. 13) is **GRANTED**, and Plaintiff's Motion for Summary Judgment (Doc. No. 16) is **DENIED**; Plaintiff's Complaint IS **DISMISSED WITH PREJUDICE.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

---

**4.** Vesaas contends that the cause of her disability is not important. (Pl's Mem. in Supp. of Mot. for Summ. J. at 5–6.) The Plan, she argues, provides for benefits if she is disabled, regardless of the cause. (*Id.*) This assertion is incorrect and directly contradicted by the terms of the Plan. In order to be considered totally disabled, Vesaas must "be prevented by a disability" from performing her job. (Tostrud Aff. Ex. 1 at 7.) A disability is defined as "accidental bodily injury, sickness, or pregnancy." (*Id.* at 4.) A personality conflict, therefore, would not fit the definition of disability. If a personality conflict prevented Vesaas from working, then she would not be covered under the Plan.

**5.** Vesaas claims that she attempted to return to work part time but quit because the pain was too

great. (Pl's Mem. in Supp. of Mot. for Summ. J. at 3.) Vesaas, however, failed to provide Hartford with any evidence of this. The record upon which Hartford decided her claim does not contain any evidence stating Vesaas cannot work at all, nor does it contain any evidence contradicting Dr. Gramprie's earlier statement that she could work up to four hours per day. In determining whether a plan's decision to deny benefits was reasonable, a district court is limited to reviewing the evidence presented to the plan's administrators. *See Maune v. International Bhd. of Elec. Workers, Local # 1, Health and Welfare Fund,* 83 F.3d 959, 963 (8th Cir.1996). Therefore, when deciding whether Hartford's denial of benefits was reasonable, this Court cannot consider Vesaas' unsupported assertion that she was unable to work at all because of the pain.