**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

———————————

No. 96-4221

———————————

Betty Vesaas,                          *
                                       *
            Appellant,                 *
                                       * Appeal   from   the   United
States
     v.                                * District Court for the
                                       * District of Minnesota
Hartford Accident and Indemnity        *
Company, a foreign corporation,        *     [UNPUBLISHED]
                                       *
            Appellee.        *

———————————

Submitted:  June 11, 1997

Filed:  September 11, 1997

———————————

Before MURPHY,   HEANEY, and JOHN R. GIBSON, Circuit
Judges.

———————————

PER CURIAM.

     Betty Vesaas appeals the district court's entry of
summary judgment in favor of Hartford Life and Accident
Insurance Company ("Hartford").  We affirm.
     Vesaas worked for Beverly Enterprises, Inc. as an
activity coordinator.  While employed, Vesaas was covered
by a group disability policy from Hartford that provides

benefits to employees who suffer from a total disability.[1] On February 16, 1993, Vesaas sustained injuries when she fell down five stairs at work. She continued to work until April 9, 1993, when her physician, Dr. Gerald Pitzl, recommended that she take a thirty-day leave of absence. Dr. Pitzl also referred Vesaas to Dr. James Gramprie, a neurologist, for further examination.

In June 1993, Vesaas filed a claim for long-term disability benefits with Hartford. In the Attending Physician's Statement of Disability required to make a claim, Dr. Pitzl indicated that Vesaas suffered from headaches and neck strain, and that she had experienced "degenerative changes of [her] lower cervical spine." (J.A. at 31.) He also recorded that Vesaas had an apparent conflict with an administrator at work. (J.A. at 32.) Dr. Pitzl did not indicate whether Vesaas' was totally disabled or to what extent she could perform her job. Id.

In a letter dated September 17, 1993, Hartford denied Vesaas' claim. Hartford noted that Vesaas' "medical records do not support a condition sufficiently severe to render total disability" and cited the conflict at work noted by Dr. Pitzl as a possible explanation for her absence. (J.A. at 37.) Hartford invited Vesaas to supply additional information if she wanted Hartford to review her claim. In October 1993, Vesaas appealed Hartford's denial of her claim. She submitted an

---

The policy defines a total disability as an "accidental bodily injury, sickness, or pregnancy" that "prevent[s] . . . [an employee] from doing all the material and substantial duties of [her] occupation." (J.A. at 5, 8.)

evaluation conducted by Dr. Gramprie that recommended Vesaas work no more than four hours per day. Vesaas claims she attempted to work four-hour days for Beverly Enterprises but was unable to do so because of pain.

In conducting its reevaluation of Vesaas' claim, Hartford requested additional information from Vesaas' doctors. In his response, Dr. Pitzl stated that he believed the

primary reason for Vesaas' leave of absence to be "her neck symptoms and not [] the personality conflict she was involved in." (J.A. at 47.) In response to a letter from Hartford's physician consultant, however, Dr. Pitzl wrote that Vesaas' disability "stems more from a personality conflict with her supervisor at work" that might have caused her headaches. (J.A. at 53.) Dr. Pitzl left the question of the cause of her neck symptoms to a neurologist, although Hartford did not subsequently seek a neurologist's opinion on the matter.

On May 17, 1994, Hartford again denied Vesaas' claim. Hartford determined that Vesaas' condition did not prevent her from performing all the duties of her occupation as required by the policy's terms. In August, Dr. Pitzl sent Hartford a letter stating that although he originally perceived that Vesaas' difficulty at work stemmed from the personality conflict, it was his opinion that Vesaas' disability resulted from her neck symptoms arising from her fall. (J.A. at 57.) Despite Dr. Pitzl's letter, Hartford again denied Vesaas benefits based on Dr. Pitzl's contradictory statements and the lack of medical documentation to support his subsequent clarification.

Vesaas filed a breach of contract claim in state court, which Hartford removed to federal district court. Vesaas claims that Hartford wrongfully denied her disability benefits in violation of ERISA. Both parties moved for summary judgment. The district court denied Vesaas' motion and granted Hartford's motion. The court determined that Hartford's determination is subject to an abuse of discretion standard of review. The court then

4

held that Dr. Pitzl's contradictory statements and the lack of evidence showing Vesaas met the insurance policy's definition of a total disability supported Hartford's decision to deny Vesaas' claim.

We affirm the district court's judgment for the reasons set forth in its thorough and well-reasoned memorandum opinion. Our court has noted that the abuse of discretion standard applied where a policy contained a clause providing that "all proof must be satisfactory [to the insurance company]." <u>Bounds v. Bell Atlantic Enter.</u>

Flexible Long-Term Disab. Plan, 32 F.3d 337, 339 (8th Cir. 1994) (quoting Donato v. Metropolitan Life Ins. Co., 19 F.3d 375, 378-80 (7th Cir. 1994)). Here, the policy provides that "[t]he Hartford reserves the right to determine if proof of loss is satisfactory." (J.A. at 16.) Further, the evidence Vesaas presented with her claim was not so compelling that a reasonable person could only find she suffered a total disability. The administrator of the policy could properly weigh and reject Vesaas' claim based on Dr. Pitzl's contradictory statements and the lack of additional medical evidence of a total disability. Moreover, Dr. Gramprie's evaluations indicate that Vesaas could work four hours a day, contradicting her claim that she is unable to perform all the duties of her occupation. The record does not indicate that Hartford was aware of Vesaas' failed attempt to work the four-hour days prescribed by her neurologist.

Based on our careful consideration of the record on appeal and the relevant authorities, an extended discussion of Vesaas' claims would serve no useful purpose. Accordingly, we summarily affirm the district court's judgment. See 8th Cir. R. 47B.

A true copy.

Attest.

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

6