Meagher v. Life Ins. Co. of N. Amer.   CV-98-246-B   10/08/99
                  UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF NEW HAMPSHIRE


**Ralph Meagher**

        **v.**                              Civil No. 98-246-B

**Life Insurance Co.
of North America**


                  MEMORANDUM AND ORDER


     Ralph Meagher sued the Life Insurance Company of North

America ("LINA") challenging its decision to terminate his claim

for disability benefits.  LINA responded by filing a motion in

limine contending that its decision must be examined using the

deferential "arbitrary or capricious" standard of review.  It

also claims that review in this court must be limited to the

administrative record on which LINA based its decision.  I reject

both contentions.


                           I.

     In 1994, Meagher was employed as a data processing manager

by SuperValu, a subsidiary of Wetterau Incorporated.  At that

time, employees of Wetterau and its subsidiaries were eligible to participate in a "Group Long-Term Disability Income Plan" (the "Plan") regulated by ERISA. The Plan was funded by an insurance policy issued by LINA.[1]

The Plan provides that benefits are to be paid to employees who become "disabled." The Plan uses a two-step definition of disability. During the first 24 months after benefits become payable, an employee will be deemed to be disabled if, because of sickness or injury, the employee "is unable to perform all the material duties of his regular occupation." App. To Def's Mot. For Summ. J. and Def.'s Obj. to Pl.'s Mot. For Summ. J. at 5 (hereinafter "Def.'s App."). After 24 months, the employee will be deemed to be disabled only if "he is unable to perform all the material duties of any occupation for which he is or may reasonably become qualified based on his education training or experience." Id. The Plan contains a "Proof of Loss" provision requiring that

_____

[1] The parties treat LINA's policy as if it were the Plan. They also appear to agree that Meagher may assert his claim for benefits directly against LINA rather than the Plan. In ruling on LINA's motion in limine, I assume for purposes of analysis that both propositions are correct.

>Written proof of loss must be given to the
>Insurance Company within 90 days after the
>date of the loss for which a claim is made.
>If written proof of loss is not given in that
>time, the claim will not be invalidated nor
>reduced if it is shown that written proof of
>loss was given as soon as was reasonably
>possible.  Upon request, written proof of
>continued Disability and of regular
>attendance of a physician must be given to
>the Insurance Company within 30 days of such
>request.

Id. at 34.  The Plan also contains a "Commencement of Benefits"

section which specifies that

>The Insurance Company will begin paying
>Monthly Benefits in amounts determined from
>the Schedule when it receives due proof that:
>(1) the Employee became Disabled while
>insured for this Long Term Disability
>Insurance; and (2) his disability has
>continued for a period longer than the
>Benefit Waiting Period shown in the Schedule.

Id. at 20.  Finally, the Plan's "Duration of Benefits" provision

states that benefits will be "discontinued immediately when you

are no longer disabled."  Id.  The Plan does not otherwise

describe the standard that the LINA must use in determining

whether to discontinue benefits.

Meagher submitted an application for disability benefits in

May 1994.  He described his symptoms as "Lower Back Pain & Pain

Down Leg Pain & Numbness in Arm & Foot."  Id. at 53.  Meagher's

-3-

physician's January 23, 1995 report in support of Meagher's disability application stated "[u]nfortunately the patient has very significant pathology in his cervical and lumbar spine and of note has been totally disabled to perform his occupation from the date of 11/7/94." Id. at 71. LINA accepted Meagher's disability claim on February 21, 1995. See id. at 72. The notice confirming its decision informed Meagher that "we will be requesting periodic updates on the status of your disability and we reserve the right to have you examined by a physician of our choice. Please note that monthly benefits are payable only while you are under the care of a licensed physician." Id. at 73.

In February 1996, LINA began an investigation to determine whether Meagher should continue to receive benefits. Documentation provided by LINA suggests that it commenced the investigation because the two-year anniversary date after which Meagher's eligibility for benefits would be judged by a different standard was approaching and Meagher's physician had checked the "disabled from his own occupation" box on a form he had submitted to the insurer in the fall of 1996, but not the "disabled from any occupation" box. See id. at 77.

LINA requested an independent medical exam as a part of its investigation. The orthopaedic surgeon who conducted the examination informed LINA that "[t]he patient is currently 100% disabled, and is restricted from any labor." Id. at 90. On January 14, 1997, LINA sent Meagher a letter which informed him that

> we have completed our review to determine if
> you are totally disabled from performing any
> occupation. Based on our evaluation,
> continued [long-term disability benefits]
> have been approved at this time. According
> to the terms of your contract, we will
> periodically request from you and your
> attending physician proof of your continuing
> total disability from any occupation. The
> payment of future benefits will depend on
> this certification . . . .

Attach. To [Pl.'s] Mot. For Summ. J. Doc. No. 36.

Without notifying Meagher, LINA subsequently reopened its investigation and placed him under surveillance. On August 9, 1997, Meagher was observed making repairs to his ultra-light airplane, pulling the airplane's starter cord and flying the airplane. The person conducting the surveillance prepared a videotape depicting Meagher engaging in these activities. See Def.'s App. At 102-06. LINA then sent the videotape to Meagher's treating physician and asked him to comment. The physician sent

LINA a letter dated January 9, 1998, in which he stated that he knew Meagher periodically engaged in the kind of activities depicted on the videotape. He noted, however, that Meagher often required pain medication to control the intense pain which he experienced after engaging in such activities. The physician continued to maintain, notwithstanding the videotape, that Meagher was 100% disabled. LINA, before it received a response from Meagher's physician, canceled Meagher's benefits on January 21, 1998. See id. at 111-12. On February 18, 1998, it denied Meagher's appeal. See id. at 116-17. The record contains no medical evidence which questions Meagher's treating physician's opinion that Meagher remained disabled notwithstanding his ability to engage in the activities depicted on the videotape.

## II.

LINA argues that the deferential "arbitrary or capricious" standard must be used to review its decision to terminate Meagher's disability benefits. The parties apparently agree that if LINA's decision is subject to arbitrary or capricious review, the evidence presented at trial must be limited to the administrative record that was before LINA when it made its

decision.  LINA alternatively contends that even if its decision is subject to *de novo* review, this review must be limited to the administrative record.  I address each argument in turn.

**A.**

In <u>Firestone Tire & Rubber Co. v. Bruch</u>, 489 U.S. 101 (1989), the Supreme Court held that "a denial of benefits challenged under [29 U.S.C.] § 1132(a)(1)(B) is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." <u>Id.</u> at 115.  If the plan instead gives the administrator discretion to interpret the plan, the administrator's interpretations ordinarily will be accepted unless they are determined to be either arbitrary or capricious.[2]  <u>See</u> <u>Doyle v. Paul Revere Life Ins. Co.</u>, 144 F.3d 181, 183 (1st Cir. 1998).

---

[2]  Some courts have held that the arbitrary or capricious standard of review applies in cases challenging a denial of benefits based upon a factual determination.  <u>See</u> <u>Grady v. Paul Revere Life Ins. Co.</u>, 10 F. Supp. 2d 100, 105-08 (D.R.I. 1998) (discussing cases).  Because LINA does not make this argument, I assume for purposes of analysis that the same standard of review will apply to both factual determinations and questions of plan interpretation.

The first issue I must resolve, then, is whether the plan gives LINA such discretion.  LINA bases its argument that the Plan gives it discretion to terminate Meagher's benefits on the Plan's "Commencement of Benefits" provision.  This provision states that LINA will begin paying benefits when it receives "due proof" that the employee is disabled and otherwise eligible for benefits.  LINA contends that the "due proof" requirement is the source of its discretion because "due proof" means proof sufficient to satisfy LINA.  Meagher, in turn, argues that the Plan's "due proof" provision only requires an applicant to supply LINA with the information specified in the Plan's "Proof of Loss" provision.  Therefore, Meagher contends that the Plan does not confer discretion on LINA to deny or terminate benefits if an employee provides written proof that he is disabled.

Those courts that have been presented with a claim that a "due proof" requirement confers discretion on a plan administrator have reached differing conclusions. In Patterson v. Caterpillar Inc., 70 F.3d 503 (7th Cir. 1995), the Seventh Circuit concluded that a plan providing that "'benefits will be payable only upon receipt by the Insurance Carrier or Company of

such notice and such <u>due</u> <u>proof</u>, as shall be from time to time required, of such disability'" confers sufficient discretion on a plan administrator to warrant the use of the arbitrary or capricious standard of review.  <u>See</u> <u>id.</u> at 505 (emphasis added); <u>see</u> <u>also</u> <u>Caldwell v. Life Ins. Co. of N. Am.</u>, 959 F. Supp. 1361, 1365 (D. Kan. 1997) (finding plan with a "due proof" requirement confers discretion on plan administrator).  In contrast, the Eighth Circuit in <u>Brown v. Seitz Foods, Inc. Disability Benefit Plan</u>, 140 F.3d 1198 (8th Cir. 1998), rejected a claim that a plan which provided "'[b]enefits will be paid monthly immediately after [w]e receive <u>due</u> <u>written</u> <u>proof</u> of loss'" conferred discretion on the plan administrator.  <u>See</u> <u>id.</u> at 1200 (emphasis added); <u>see</u> <u>also</u> <u>McCoy v. Federal Ins. Co.</u>, 7 F. Supp. 2d. 1134, 1140-41 (E.D. Wash. 1998) (finding plan which stated that benefits will be paid "'immediately upon receipt of **due** proof of loss'" does not confer discretion on plan administrator)(emphasis in original); <u>Thomas v. Continental Cas. Co.</u>, 7 F. Supp. 2d. 1048, 1052-53 (C.D. Cal. 1998) (rejecting claim that plan language requiring "'due written proof of loss'" confers discretion on plan administrator).

Although the First Circuit has not yet decided whether a plan containing a "due proof" requirement confers discretion on a plan administrator, it has noted that "[w]e have steadfastly applied Firestone to mandate de novo review of benefits determinations unless 'a benefits plan . . . clearly grant[s] discretionary authority to the administrator.'" Terry v. Bayer Corp., 145 F.3d 28, 37 (1st Cir. 1998) (quoting Rodriguez-Abreu v. Chase Manhattan Bank, N.A., 986 F.2d 580, 583 (1st Cir. 1993)) (finding clear grant of discretion because plan specifically gave administrator the "right to find necessary facts, determine eligibility for benefits, and interpret the terms of the [p]lan"). Applying the First Circuit's clear statement rule, I conclude that the Plan's "due proof" requirement does not clearly grant LINA discretionary authority to terminate a beneficiary's disability benefits. Accordingly, I will review LINA's decision to terminate Meagher's benefits *de novo*.

## B.

LINA argues that even if its decision is subject to *de novo* review, Meagher should be barred from producing evidence which was not part of the original administrative record. The First

-10-

Circuit has not yet decided whether a court reviewing a benefit determination *de novo* may consider evidence that was not part of the administrative record. See <u>Recupero v. New England Tel. and Tel. Co.</u>, 118 F.3d 820, 833 (1st Cir. 1997) ("we have not decided today whether a court, when reviewing a benefits determination, must restrict itself to the 'record' as considered by the decisionmaker who interpreted the employee benefits plan."). However, another district judge from this circuit has examined the issue in detail and has determined that a court need not restrict its review to the administrative record when reviewing a decision to grant or deny benefits *de novo*. See <u>Grady</u>, 10 F. Supp. 2d at 110-12 (observing that limiting review to the administrative record "'is antithetical to the very concept of *de novo* review'"); <u>but</u> <u>see</u> <u>Brown</u>, 140 F.3d at 1200-01 (finding *de novo* standard of review appropriate but holding that district court abused its discretion by admitting evidence outside of administrative record, absent a showing of good cause); <u>McCoy</u>, 7 F. Supp. 2d at 1141 (holding that review is limited to administrative record except when additional evidence is needed to conduct adequate *de novo* review); <u>Thomas</u>, 7 F. Supp. 2d at

1056 (holding that, absent unusual circumstances, district court is limited to administrative record when conducting *de novo* review). After carefully considering this issue, I find his analysis persuasive. Accordingly, I will not prevent Meagher from attempting to produce additional evidence to support his claim without first giving him an opportunity to demonstrate that such evidence should be considered.

**IV.**

For the reasons set forth herein, LINA's motion in limine (doc. no. 33) is denied.

SO ORDERED.

_____
Paul Barbadoro
Chief Judge

October 8, 1999

cc:  Leslie Nixon, Esq.
     Eleanor McLellan, Esq.