Peggy K. QUEEN, Plaintiff,

v.

HARTFORD LIFE INSURANCE COMPANY, a corporation, Defendant.

No. 8:00CV487.

United States District Court, D. Nebraska.

March 4, 2002.

John M. Lingelbach, Koley, Jessen Law Firm, Omaha, NE, for plaintiff.

Patrick G. Vipond, Craig F. Martin, Lamson, Dugan, LLP, Omaha, NE, for defendant.

## MEMORANDUM AND ORDER

BATAILLON, District Judge.

### Introduction

This matter is before the court on defendant's motion for summary judgment. Filing No. 32. This is an action under the Employee Retirement Income Security Act, 29 U.S.C. § 1101, *et seq.* ("ERISA"). Plaintiff filed this action seeking a continuation of her disability benefits under a group long-term disability insurance policy issued by the defendant to plaintiff's former employer, Immanuel Medical Center, Policy No. 67778 ("Plan"). Plaintiff contends that the defendant wrongfully terminated her disability benefits effective September 30, 1999. Defendant has moved for summary judgment contending that plaintiff failed to comply with the defendant's contractual requests in violation of the Plan. I have carefully reviewed the record, briefs and the relevant case law. I conclude that the motion for summary judgment should be denied.

### Facts

The evidence shows that defendant issued a group long-term disability policy to Immanuel Medical Center. At the time she submitted the claim for disability, plaintiff was an eligible employee enrolled in the Plan. She was employed as a registered nurse by Immanuel Medical Center.

Plaintiff was injured on May 26, 1987, while helping a patient get from the hospital bed to the bathroom. She was initially diagnosed with lumbar strain and possible disc involvement and began receiving long-term disability benefits pursuant to the Plan. The parties both agree that plaintiff was disabled at that time and for some period of time in the future.

Sometime in early 1996, plaintiff was asked to participate in a functional capacity exam ("FCE"). The FCE was scheduled on February 16, 1996. Plaintiff failed to appear for that FCE. The defendant scheduled an independent medical examination ("IME") on February 26, 1996, and again plaintiff failed to appear for that appointment. The FCE was rescheduled for July 9, 1996, and again, plaintiff did not show. Defendant contends that it tried to schedule the IME three times in July and August 1996, but plaintiff did not show. However, defendant continued paying benefits to the plaintiff until late 1999.

In 1999 defendant again asked plaintiff to take an FCE and an IME. The first IME was scheduled for September 3, 1999, and plaintiff did not show. On or about December 23, 1999, defendant determined that plaintiff failed to comply with the Plan requirement that she submit to IMEs or FCEs if reasonably requested. Consequently, defendant terminated her benefits effective September 30, 1999, pursuant to the Plan that says benefits cease upon a participant's refusal to exhaust administrative remedies. Plaintiff's Exhibit A, Art. 1, Benefit Payment, p. 14. Plaintiff then appealed the denial of benefits. During the appeal process, another FCE was scheduled for April 25, or 26, or 27, 2000, and plaintiff did not show. Plaintiff canceled this appointment by letter on April 25, 2000.

Plaintiff contends that she canceled the April 25, 2000, appointment because the physical therapist chosen by the defendant was retained by the defendant and the therapist would report his results only to the defendant. Plaintiff would not be entitled to receive a copy of the report. Plaintiff sent a letter to the defendant indicating that she wanted a different, independent physical therapist who would share the results with both sides. Plaintiff's Exhibit 17. She offered to pay half of the cost of this independent therapist. Plaintiff contends that she did not refuse to have an IME or FCE, but she only requested that an independent one be chosen.

Plaintiff also sent letters dated May 4, 2000, and May 30, 2000, asking for reconsideration of the decision to terminate her disability benefits. In addition, on March 21, 2000, defendant sent a letter to plaintiff indicating that her claim was continuing to be reviewed and that an additional 60 days was being used by the defendant to finalize review of the claim. Exhibit 19. Plaintiff contends that she construed this letter to mean that she had until May 26, 2000, before her appeal would be decided. However, on or about May 5, 2000, defendant notified plaintiff that the appeal review was completed on May 2, 2000. Plaintiff's Exhibit 18. Consequently, defendant declined to schedule another appointment for her. The letter states: "Your request of May 4, 2000, comes outside the 60 day period we had to make our appeal decision." *Id.*

## Summary Judgment Standard

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, the court grants summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The court's function at the summary judgment

stage is not to weigh the evidence and determine the truth of the matter; rather, the court must determine whether a genuine issue exists for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "If no rational trier of fact could find for the nonmoving party, then summary judgment is appropriate." *McCormack v. Citibank, N.A.,* 100 F.3d 532, 537 (8th Cir.1996). The Eighth Circuit has recognized that primarily legal issues and particularly questions of contract interpretation are issues amenable to summary disposition. *See, e.g., Mansker v. TMG Life Ins. Co.,* 54 F.3d 1322, 1326 (8th Cir.1995); *Mumford v. Godfried,* 52 F.3d 756, 759 (8th Cir. 1995); and *Crain v. Board of Police Comm'r,* 920 F.2d 1402, 1405–06 (8th Cir. 1990).

If the moving party meets the initial burden of establishing the nonexistence of a genuine issue, then the burden shifts to the opposing party to produce evidence of the existence of a genuine issue for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The nonmoving party may not rest upon mere allegations or denials, but must set forth specific facts showing that there is a genuine issue for trial. *Anderson,* 477 U.S. at 256, 106 S.Ct. 2505; *Krenik v. County of Le Sueur,* 47 F.3d 953, 957 (8th Cir.1995).

**ERISA Standard of Review**

ERISA provides a plan beneficiary with the right to judicial review of a benefits determination. *See* 29 U.S.C. § 1132(a)(1)(B). The first issue in considering an ERISA claim is the appropriate standard of review, an issue that affects both the evidence admissible in district court and the legal standard to be applied. *Ravenscraft v. Hy–Vee Employee Benefit Plan & Trust,* 85 F.3d 398, 402 (8th Cir. 1996). Where a plan gives the administrator discretionary authority to determine eligibility for benefits, the court ordinarily reviews the administrator's decision for an abuse of discretion. *Woo v. Deluxe Corp.,* 144 F.3d 1157, 1160 (8th Cir.1998); *see also Schatz v. Mutual of Omaha Ins. Co.,* 220 F.3d 944, 947 n. 4 (8th Cir.2000) (noting that review for abuse of discretion and review as arbitrary and capricious are interchangeable terms).

Under the deferential "abuse of discretion" or "arbitrary and capricious" standard, the plan administrator's decision to deny benefits will stand if reasonable, i.e., supported by substantial evidence. *Fletcher–Merrit v. NorAm Energy Corp.,* 250 F.3d 1174, 1179 (8th Cir.2001) (noting that the district court may not merely substitute its opinion for that of the plan administrator, but must determine whether a reasonable person could have reached the same decision). Substantial evidence is "more than a scintilla but less than a preponderance." *Donaho v. FMC Corp.,* 74 F.3d 894, 900 n. 10 (8th Cir.1996). In conducting judicial review under the deferential standard, the reviewing court looks to the evidence before the plan administrator when he or she denied the claim. *Ravenscraft,* 85 F.3d at 402.

In determining whether an administrator's interpretation of a plan is reasonable under this standard, the court examines five factors: 1) whether the administrator's interpretation is consistent with the goals of the plan; 2) whether the interpretation renders any language in the plan meaningless or internally inconsistent; 3) whether the administrator's interpretation conflicts with the substantive or procedural requirements of the ERISA statute; 4) whether the administrator has interpreted the relevant terms consistently; and 5) whether the interpretation is contrary to the clear language of the plan. *Finley v. Special*

*Agents Mut. Ben. Ass'n,* 957 F.2d 617, 621 (8th Cir.1992).

■ In certain circumstances, however, a less deferential standard of review applies. The less deferential standard of review is triggered where the plaintiff presents material, probative evidence demonstrating: (1) that a palpable conflict of interest or a serious procedural irregularity existed; (2) which caused a serious breach of the plan administrator's fiduciary duty. *Woo,* 144 F.3d at 1160.

■ A palpable conflict includes a direct financial benefit, such as when the administrator is also the insurer; but not every funding conflict per se warrants the heightened review.[1] *Id.* & n. 2. When the administrator is also the insurer, there is "something akin to a rebuttable presumption of a palpable conflict of interest." *Schatz,* 220 F.3d at 947–48. Indicia of bias as a result of such a structural conflict of interest can be ameliorated by evidence of circumstances, such as equally compelling long-term business concerns, that militate against improperly denying claims despite such dual role. *Id.* at 948. Procedural irregularities include denial of a claim without seeking an independent review, failure to properly investigate, or similar failure to use proper judgment. *Woo,* 144 F.3d at 1160.

The second prong of the *Woo* test requires that the plaintiff demonstrate that the conflict or irregularity has a connection to the decision to deny benefits. *Id.* The evidence offered must give rise to serious doubts as to whether the result reached was the product of an arbitrary decision or the plan administrator's whim. *Barnhart v. UNUM Life Ins. Co.,* 179 F.3d 583, 589 (8th Cir.1999).

■ If there is evidence that warrants the application of the less deferential standard of review, the court applies a "sliding scale" approach to determine how much less deferential the review should be. *Schatz,* 220 F.3d at 947; *Woo,* 144 F.3d at 1161. Under that approach, the evidence supporting the plan administrator's decision must increase in proportion to the seriousness of the conflict or procedural irregularity. *Woo,* 144 F.3d at 1161. Accordingly, if the conflict or procedural irregularity is found egregious, the record must contain "substantial evidence bordering on a preponderance" to uphold the plan administrator's decision.[2] *Id.*

### Discussion

■ Although I believe an abuse of discretion standard is applicable under these facts, I need not definitively decide which standard of review applies in this case. I believe that under either standard, the trier of fact could conclude that the plan administrator abused his discretion in this case. Defendant argues that plaintiff

---

1. Certain conflicts of interest or improper motives, however, will provoke even less deferential de novo review. *See Schatz,* 220 F.3d at 947 n. 5 (noting that this type of conflict or improper motive, a direct personal financial incentive for denying claims, "is different in kind from the sort of background conflict created by the mere fact that the same company is both the plan administrator and the plan insurer"). That type of conflict or improper motive is not present in this case.

2. Under the less deferential standard of review, the district court is permitted, but not encouraged, to consider evidence outside the administrative record. *Brown v. Seitz Foods, Inc. Disability Ben. Plan,* 140 F.3d 1198, 1200–01 (8th Cir.1998) (allowing limited discovery for the purpose of determining the appropriate standard of review does not violate the general prohibition on admitting evidence outside the administrative record). Accordingly, matters outside the administrative record, such as deposition testimony, have been considered by the court only in connection with its findings regarding the less deferential standard of review.

refused to take the FCE and, therefore, she failed to exhaust her administrative remedies. Consequently, she cannot bring this action in federal court.

Plaintiff contends that she never refused to take the IME. On the contrary, upon learning that the FCE scheduled by defendant would not share the results with her, she specifically requested that an objective therapist conduct the FCE and share the results with both sides. Exhibit 17. She offered to pay for half of the fee for the FCE.

Defendant contends that plaintiff has no right to choose the person who does the FCE. However, I don't think that is the issue in this case. During the appeal process, it is clear that plaintiff sent a letter to defendant asking for an objective FCE wherein she could also obtain the results. This letter was sent to the defendant on April 25, 2000, before the decision to finally terminate benefits had been made. However, defendant failed to respond to the plaintiff regarding this request. Instead, on May 2, 2000, the defendant terminated the appeal process and plaintiff's benefits.

Although the plaintiff clearly has not been as cooperative and timely as she could have been in accommodating this request, I find that the defendant abused its discretion in denying benefits to the plaintiff. At the very least there was some responsibility to deny plaintiff's request and let her know that the option chosen by defendant was the only option available to plaintiff. Further, I think plaintiff was entitled to believe that she had 60 additional days pursuant to defendant's letter dated March 21, 2000, wherein defendant requested additional time for review. She believed that she had those additional 60 days to submit evidence or discuss the tests she had to take. Also, it appears plaintiff may have failed to comply with past requests to take IMEs and FCEs, and although that behavior should not be condoned, the defendant did not terminate her benefits for failing to do so. Further, this plaintiff had been disabled for twelve years prior to the termination of benefits. The evidence of her treating physicians by far outweighs anything currently in the files of the defendant. *See* Exhibits 2, 5, 6, 7, 8, 9, 10, 15. Consequently, I find that under the circumstances the trier of fact could determine that there is a lack of substantial evidence to support this administrative decision. *House v. Paul Revere Life Ins. Co.*, 241 F.3d 1045, 1048 (8th Cir.2001). For the reasons set forth herein, I conclude that the defendant's motion for summary judgment should be dismissed.[3]

THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that defendant's motion for summary judgment, Filing No. 32, should be and hereby is denied.

---

**3.** In general, I do not like to give advice to the parties on how they handle a case. However, in this particular instance, I strongly advise the plaintiff to submit to an appropriate FCE and/or IME, and I advise the defendant to give her that opportunity. Defendant is entitled to substantiate that plaintiff is still eligible for benefits, and plaintiff is entitled to have her case determined on the actual merits.