William E. HAWKINS, Plaintiff,

v.

ARCTIC SLOPE REGIONAL CORPORATION[1], Defendant.

No. 8:02–CV–732–T–EAJ.

United States District Court, M.D. Florida, Tampa Division.

Sept. 26, 2002.

ble for an ALJ to make a medical judgment contrary to the evidence of record.").

1. The parties have consented to proceed before the Magistrate Judge pursuant to Title 28, United States Code, Section 636(c) and Fed.R.Civ.P. 73.

**1332**

Charles A. Samarkos, Johnson, Pope, Bokor, Ruppel & Burns, LLP, Robert Vernon Potter, Johnson, Pope, Bokor, Ruppel & Burns, LLP, Clearwater, FL, for Plaintiff.

Edward C. LaRose, Trenam, Kemker, Scharf, Barkin, Frye, O'Neill & Mullis, P.A., Paul W. Rebein, Shook, Hardy & Bacon, L.L.P., Rebecca H. Steele, ACLU Foundation of Florida, Inc., West Central Florida Office, Tampa, FL, for Defendant.

## ORDER

JENKINS, United States Magistrate Judge.

Before the court is the parties' dispute regarding the scope of discovery in this ERISA case as stated in the case management report (Dkt.13). The court heard oral argument on this dispute at the preliminary pretrial conference.

### I. Background

Plaintiff, William E. Hawkins ("Hawkins")[2], filed this lawsuit under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et. seq.*, seeking benefits pursuant to an "employee welfare benefit plan" (the "Plan") as defined in 29 U.S.C. § 1002 (Dkt.3). Defendant, Arctic Slope Regional Corporation ("Arctic Slope") removed this case pursuant to the court's removal jurisdiction under 28 U.S.C. § 1441(b) because it presents a federal question (Dkt.1).

Hawkins, a former employee of the Defendant, allegedly suffered from a rare form of cancer, leiomyosarcoma, and received treatments that were initially covered by the Plan. Subsequently, the Defendant allegedly denied Hawkins further reimbursement or coverage for his treatments on the basis that the treatments

---

**2.** Counsel for Hawkins represented to the court at the preliminary pretrial conference that Hawkins passed away. Defendant filed a suggestion of death on August 30, 2002 (Dkt.20). Rule 25(a)(1), Fed.R.Civ.P., provides that if a motion for substitution is not made within 90 days after the death is suggested, the action shall be dismissed as to the deceased party.

were experimental and/or not medically necessary and therefore not covered under the Plan.

At this early stage, the dispute between the parties is whether Plaintiff is entitled to discovery of evidence beyond the administrative record or the facts known to the claims administrator at the time the claims administrator determined Plaintiff was not entitled to benefits. Defendant submits that the Plan documents contain a grant of discretion that would require this court to review the denial of benefits to Plaintiff under an arbitrary and capricious standard which precludes consideration of facts outside of the administrative record.

Plaintiff argues that even if the Plan grants the administrator discretion, the heightened arbitrary and capricious standard of review applies because the Plan is self funded, meaning that Defendant both allegedly administered the Plan and paid out benefits under the Plan. Plaintiff argues that the court reviewing a denial under the heightened arbitrary and capricious standard initially reviews the denial *de novo* to determine if it was "wrong" and therefore considers evidence outside of the administrative record.

Defendant contends that even if the heightened arbitrary and capricious standard applies, the court may not consider evidence beyond the administrative record.[3]

## II. Analysis

### A. Standard of Review Under ERISA

The scope of discovery in ERISA cases is integrally linked to the standard of review and the admissibility of additional evidence outside of the administrative record. Scott T. Maker and Theodore D. Willard, *Discovery In Health Or Disability Actions Governed BY ERISA; Substantive Law and Strategic Considerations*, 29 A.B.A SPG Brief 17, 24 (2000).

■ As a threshold matter in ERISA cases, the court must first determine the appropriate standard of review to assess the denial of Plaintiff's claims. In *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989), the Supreme Court held that the standard of *de novo* judicial review applies unless the plan vests discretion in the administrator to determine eligibility for benefits or construe plan terms. *Id.* at 115, 109 S.Ct. 948. However, if a benefit plan gives discretion to an administrator operating under a conflict of interest, that conflict must be weighed as a factor in determining whether there is an abuse of discretion. *Id.*

■ The Eleventh Circuit subsequently identified three varying standards of review that a court may apply in reviewing a plan administrator's claims decisions under ERISA: "(1) *de novo* where the plan does not grant the administrator discretion; (2) arbitrary and capricious [where] the plan grants the administrator discretion; and (3) heightened arbitrary and capricious where there is a conflict of interest." *Buckley v. Metropolitan Life*, 115 F.3d 936, 939 (11th Cir.1997); *Marecek v. BellSouth Telecommunications, Inc.*, 49 F.3d 702, 705 (11th Cir.1995).[4]

---

3. Defendant's counsel represented that the entire administrative record and plan documents would be provided to Plaintiff as a part of Defendant's Rule 26 disclosures.

4. Examining a claims administrator's decision with three varying deferential standards is the approach used by the Fourth, Fifth, Seventh and Tenth Circuits and is commonly called the sliding scale approach. Nola A. Kohler, *An Overview Of The Inconsistency Among The Circuits Concerning The Conflict Of Interest Analysis Applied In An ERISA Action With An Emphasis On The Eighth Circuit's Adoption Of The Sliding Scale Analysis In Woo v. Deluxe Corp.*, 75 N.D. L.Rev. 815,

When reviewing a denial of benefits under the *de novo* standard of review, where the plan does not grant the administrator discretion, the court may examine facts not before the administrator. *Kirwan v. Marriott Corp.*, 10 F.3d 784, 790 n. 31 (11th Cir.1994) (citations omitted)[5]. On the other hand, under the arbitrary and capricious standard, where the plan expressly grants the administrator discretion, the court may consider only the administrative record. *Lee v. Blue Cross/ Blue Shield*, 10 F.3d 1547, 1550 (11th Cir. 1994); *Jett v. Blue Cross and Blue Shield of Alabama, Inc.*, 890 F.2d 1137, 1139 (11th Cir.1989).

Plaintiff argues that under the analysis set forth in *HCA Health Servs. of Ga. v. Employers Health Ins. Co.* 240 F.3d 982, 995 (11th Cir.2001) the court may examine facts outside of the administrative record under the heightened arbitrary and capricious standard.

The Eleventh Circuit in *HCA* described the process a court should follow in reviewing benefits determinations of claims administrators in ERISA cases. *Id.* at 993.

First, the court must look at the plan documents to determine whether the claims administrator is given discretion. *Id.* at 993. If the plan does not expressly vest discretion in the administrator, the administrator's decision is not afforded deference. The proper standard is *de novo* review which includes consideration of facts not before the claims administrator. *See Kirwan*, 10 F.3d at 789–790 and n. 31(citations omitted).

If the court finds that the plan grants discretion to the claims administrator, regardless of whether the arbitrary and capricious standard or the heightened arbi-

---

832 (1999). In contrast, the approach dictated by the Eleventh Circuit is the presumptively void test or a burden shifting approach which is derived from the common law of trusts. Kohler, *supra* 75 N.D. L.Rev. at 853. *See e.g. Brown v. Blue Cross and Blue Shield of Alabama, Inc.*, 898 F.2d 1556, 1566–1568 (11th Cir.1990). *See also Pinto v. Reliance Standard Ins. Co.*, 214 F.3d 377, 391–92 (3rd Cir.2000)(discussing the approaches of the circuits, including the sliding scale approach and the burden shifting approach, and how the circuits deferentially review a conflicted claims administrator's decision). The "heightened arbitrary and capricious standard" in this circuit applies to whether the conflict of interest tainted the administrator's decision. Under this approach, as will be more specifically set forth above in this court's discussion of *HCA Health Servs. of Ga. v. Employers Health Ins. Co.* 240 F.3d 982, 995 (11th Cir.2001), a court reviewing a claims administrator's decision either affords the decision deference and reviews it for an abuse of discretion or without deference and reviews it *de novo*. If the Plan confers discretion on the administrator but the administrator suffers from a conflict of interest, the burden shifts to the administrator to prove that its interpretation was not tainted by self interest. If the administrator meets this burden, the decision will not be reversed if reasonable and therefore it is afforded deference. If the administrator does not meet this burden, the administrator's decision is reviewed without deference.

5. While the Eleventh Circuit permits the presentation of evidence outside of the administrative record when the *de novo* standard of review applies, certain other circuits do not. Maker and Willard, *supra* 29 A.B.A. SPG Brief 17 at 26. *See Kirwan*, 10 F.3d at 790 n. 31 (noting split of authority on issue). *See also, infra*, note 6. At present the Sixth Circuit does not permit the presentation of any evidence outside of the administrative record when *de novo* standard of review applies and the Second, Third, Fourth, Fifth, Seventh, Eighth and Ninth allow presentation of evidence outside of the administrative record in limited circumstances. *See Hall v. Unum Life Ins. Co. of America*, 300 F.3d 1197, 1201–1202 (10th Cir.2002)(discussing the varying approaches of the circuits on the presentation of evidence outside of the administrative record when the *de novo* standard of review applies).

trary and capricious standard applies, the court next evaluates the claims administrator's decision to determine whether it is "wrong." *HCA*, 240 F.3d at 993.

The Eleventh Circuit has explained that "'[w]rong' is the label used by our precedent to describe the conclusion a court reaches when, after reviewing the plan documents and disputed terms *de novo*[6], the court disagrees with the claims administrator's plan interpretation." *Id.* at 993 n. 23. If the court finds that the determination is "wrong," it must then decide whether "the claimant has proposed a 'reasonable' interpretation of the plan." *HCA*, 240 F.3d at 994 (quoting *Lee v. Blue Cross/Blue Shield*, 10 F.3d 1547, 1550 (11th Cir. 1994)). Even if the court determines that the claimant's interpretation is reasonable, the claimant does not necessarily prevail because the plan grants the administrator discretion to interpret the plan and the administrator is entitled to the benefit of its contractual bargain. *Id.*

Next, the court determines whether the claims administrator's "wrong" interpretation is nonetheless reasonable. *Id.* If the court determines that the administrator's wrong interpretation is reasonable, the decision is entitled to deference unless the administrator suffers from a conflict of interest. *Id.* Therefore, the next step in the analysis requires the court to gauge the self-interest of the claims administrator. *Id.*

If a conflict of interest exists, the heightened arbitrary and capricious standard applies. *HCA*, 240 F.3d at 994. In applying the heightened arbitrary and capricious standard, the court follows the same steps as the ordinary arbitrary and capricious standard, but given the claims administrator's self interest, it continues the inquiry. *Id.* At this step, the burden shifts to the claims administrator to prove that its interpretation of the plan is not tainted by self interest. *Id.* If the administrator satisfies its burden and demonstrates that its wrong but reasonable interpretation benefits the participants and beneficiaries of the plan, an ERISA claimant may still be successful if he can show by other measures that the administrator's decision was arbitrary and capricious. *Id.* at 994. If the claims administrator fails to satisfy this burden, this does not mean that the ERISA claimant prevails, but rather that the claims administrator's plan interpretation "is not entitled to deference." *Id.*

Plaintiff argues that requiring "*de novo*" review of the claims administrator's decision to determine if it is "wrong," even after finding the plan has conferred the administrator with discretion, enables a court to consider facts outside of the record at that stage.

---

**6.** The use of the term "*de novo*" by the Eleventh Circuit at this step of the analysis is somewhat confusing. "*De novo*" has two different interpretations in ERISA case law. When using "*De novo*" as a standard of review, courts in this circuit are not limited to the administrative record. *See Kirwan* 10 F.3d at 790. *See also Luby v. Teamsters Health, Welfare, & Pension Trust Funds*, 944 F.2d 1176, 1184 (3rd Cir.1991)(*de novo* means that the administrator's decision is not afforded any deference and the court's inquiry is not limited to the administrative record). "*De novo*" may also mean that court reviews the denial based upon the administrative record without deference or any presumption of correctness. *See e.g. Miller v. Metropolitan Life Ins. Co.*, 925 F.2d 979, 986 (6th Cir. 1991). In determining whether a claims administrator's decision is "wrong," courts in this circuit may only consider the administrative record. *See Lee*, 10 F.3d at 1550; *Jett*, 890 F.2d at 1139. Accordingly, the use of the term *de novo* in determining whether a claims administrator's decision is "wrong," apparently means in this circuit that the court reviews the denial without deference or any presumption of correctness based upon the administrative record alone, without considering any extrinsic evidence.

However, this position is contrary to established Eleventh Circuit precedent that the court may not consider facts outside of the administrative record under the arbitrary and capricious standard. *See Lee*, 10 F.3d at 1550; *Jett*, 890 F.2d at 1139. Determining whether the administrator's decision is "wrong" is made after the court finds the plan grants the administrator discretion; this determination is made regardless of whether the arbitrary and capricious standard or the heightened arbitrary and capricious standard applies.

In fact, the steps dictated by the Eleventh Circuit in the evaluation of benefits determinations in ERISA cases are identical for both the arbitrary and capricious and the heightened arbitrary and capricious standards until the court reaches the point where it has to determine whether the administrator suffers from a conflict of interest. It is only at that stage that a court need go outside the administrative record to "gauge the self-interest of the claims administrator." *HCA*, 240 F.3d at 994.

If the administrator satisfies its burden at this step, the inquiry ends. If the administrator fails to satisfy its burden, the administrator's decision "is not entitled to deference." Therefore, evidence outside of the administrative record may be considered under the heightened arbitrary and capricious standard on the merits of claimant's claim, but only at the final stage of the inquiry after the court makes several threshold determinations: whether the administrator's decision is "wrong" but reasonable, whether the administrator suffers from a conflict of interest, and whether the administrator fails to demonstrate that its "wrong" but reasonable decision "benefits the participants and beneficiaries of the plan." *HCA*, 240 F.3d at 993–995.[7]

■ Thus, under the law of this circuit, evidence beyond the administrative record and plan documents on the merits of the ERISA claimant's claim may be admissible if: (1) the plan administrator has no discretion; or (2) the plan administrator has discretion but suffers from a conflict of interest and the administrator cannot demonstrate that its decision is not tainted by self interest. In determining whether there is a conflict of interest and if so, whether the administrator's decision was tainted by self interest, discovery of extrinsic evidence may also be appropriate.

## B. Discovery

Rule 26(b), Fed.R.Civ.P., sets forth the scope of discovery and provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party ..." Potentially, evidence outside the administrative record such as testimony from physicians who treated the plaintiff or who reviewed his records, or any other evidence related to Plaintiff's illness or the claim denial, may be considered by this court and may be relevant. However,

---

7. *But see Johnson v. New York Life Insurance Company*, 2001 WL 1736879 *5, n. 4 (M.D.Fla.2001)("Defendant's coverage decisions are subject to heightened arbitrary and capricious standard analysis. Under that analysis, only the evidence before the Defendants at the time the benefits decision was made may be considered ...") Despite the plain language of *Johnson*, it is not contrary to this court's decision. In *Johnson*, the court determined that the heightened arbitrary and capricious standard of review applied. *John-*son, 2001 WL 1736879 at *5. The Plaintiff attempted to introduce evidence outside of the administrative record at the step where the court determines *de novo* whether the administrator's decision was "wrong." *Id.* The *Johnson* court refused to consider that evidence and found the administrator's decision was not "wrong" based on the administrative record. *Id.* It therefore did not consider whether a conflict of interest existed and it never reached the final stage of examining the decision without deference.

such evidence is relevant only after the multi-step inquiry described above has been completed by the court.

 There are few published opinions on the scope of discovery in ERISA cases.[8] However, those that have examined the scope of discovery generally hold that the scope of discovery must be viewed in the light of the evidence that is admissible in ERISA cases. *Zack v. Hartford Life and Accident Insurance Company*, 2002 WL 538851, *7 (D.Kan. March 20, 2002). *See also Fitts v. Federal National Mortgage Ass'n.*, 204 F.R.D. 1, 4 (D.D.C.2001)("The scope of discovery in ERISA cases permitted is simply not the same as the discovery permitted by Fed.R.Civ.P. 26(c)."); *Sheehan v. Metropolitan Life Insurance Company*, 2002 WL 1424592, *4 (S.D.N.Y. June 28, 2002). In so ruling, these courts remain sensitive to the concerns that they not become ERISA administrators of last resort and that the review process should be as inexpensive and expeditious as possible. *Fitts*, 204 F.R.D. at 4.

 However, while the standard of review, to an extent, defines the scope of discovery, some discovery may be needed to determine the standard of review. *Hensley v. Northwest Permanente P.C. Retirement Plan And Trust*, 5 F.Supp.2d 887, 890 (D.Or.1998).[9]

 Therefore, while evidence outside of the administrative record may be relevant in the instant case if a conflict of interest exists, several threshold determinations must first be made which may pretermit this issue. Because discovery may be expensive, especially if the parties obtain experts on leiomysarcoma, this court orders the parties to undertake stage discovery.

Accordingly, the scope of discovery is limited at this time to the administrative record except on the issue of whether the plan administrator suffers from a conflict of interest.[10] *See e.g. Sheehan*, 2002 WL 1424592 at *4.[11]

---

8. This court could find no published opinions from the courts within the Eleventh Circuit on the scope of discovery in ERISA cases.

9. As a general rule, where the arbitrary and capricious standard of review applies, no discovery is allowed although some courts have allowed discovery on what they deemed procedural as opposed to substantive matters including: (1) questions about the record; (2) conflicts of interest; and (3) interpretation of plan terms. Maker and Willard, *supra*, 29 A.B.A. SPG Brief 17 at 24. Also, some courts applying the *de novo* standard similarly do not allow discovery as to the merits of the claimant's claim but permit discovery for procedural matters. *Id.* at 27.

10. Of course, if a plan does not afford the administrator discretion, the determination is reviewed under the *de novo* standard of review and extrinsic evidence may be considered. *See Kirwan*, 10 F.3d at 790 n. 31. Plaintiff has not argued that the Plan does not afford the administrator discretion. Defendant will be providing Plaintiff with a copy of the administrative record and the Plan documents in its Rule 26(a)(1) disclosures, which documentation will likely demonstrate whether the Plan grants the administrator discretion. Should Plaintiff determine that he needs further information from Defendant to determine whether the Plan affords the administrator discretion, and Defendant will not voluntarily provide it, Plaintiff may seek to revisit the ruling.

11. At the outset of the litigation in *Sheehan*, it was not clear which standard of review applied, therefore the court presumed that the *de novo* standard applied. *Id.* at *3. Even though the court determined that Plaintiff *may* be entitled to present evidence outside the record, the court initially limited the scope of discovery to whether a conflict of interest existed. *Sheehan*, 2002 WL 1424592 at *4. *But see Zack*, 2002 WL 538851 at *7(since plaintiff's claim would likely be reviewed under the *de novo* standard, the possibility existed that the court would consider facts outside of the administrative record and it was therefore inappropriate to limit the scope of discovery).

1338

The court's Case Management and Scheduling Order (Dkt.10) set the discovery deadline for December 30, 2002, and the dispositive motion deadline for January 31, 2002. The parties are ordered to file dispositive motions on or by November 15, 2002, as to which standard of review should be applied in the event of a dispute. Should the court determine that Defendant's decision is not entitled to deference, the court will, by separate order, allow the parties to undertake discovery of evidence outside the administrative claim.

Accordingly, upon due consideration, it is hereby **ORDERED and ADJUDGED**:

(1) The initial scope of discovery in this matter is limited to the administrative record and whether a conflict of interest exists; this discovery shall be concluded in sufficient time to permit dispositive motions to be filed on this issue on or before November 15, 2002.

(2) Once the proper standard of review is determined by the court, the scope of discovery may be enlarged if appropriate.