**Janet M. GALM, Plaintiff,**

v.

**EATON CORPORATION dba Eaton Corporation Long Term Disability Plan dba Eaton Benefits Center, Defendant.**

**No. C04–4083–MWB.**

United States District Court,
N.D. Iowa,
Western Division.

March 1, 2005.

David John Stein, Jr., Stein Law Office, Milford, IA, for Plaintiff.

Brian J. McGrath, Lamson Dugan & Murray LLP, Omaha, NE, Jeffrey D. Zimon, Benesch, Friedlander, Coplan & Aronoff LLP, Cleveland, OH, for Defendant.

## ORDER

ZOSS, United States Magistrate Judge.

This matter is before the court on motion (Doc. No. 15) of the plaintiff Janet Galm ("Galm") requesting leave to conduct discovery in this case. This case originally was filed in the Iowa District Court for Clay County on August 2, 2004, but was removed to this court on August 26, 2004. In Galm's petition, she alleges the defendant Eaton Corporation ("Eaton") is the employer, plan sponsor, and plan administrator of the Eaton long-term disability plan ("LTD Plan" or "the Plan"). She claims she was wrongfully denied "second tier" disability benefits under the Plan, in violation of ERISA.[1] In its answer, Eaton

---

1. The Employee Retirement Income Security Act of 1974.

admits Galm was denied these benefits, but alleges the denial of benefits was reasonable and not arbitrary or capricious.

On November 22, 2004, after a scheduling conference, the court entered a scheduling order setting out a briefing schedule for the submission of this ERISA dispute to the court on the administrative record. (Doc. No. 14). Because Galm indicated at the scheduling conference that she might wish to conduct some limited discovery, the court ordered that any motion requesting discovery was to be filed by December 15, 2004. Galm filed the instant motion on that date, and Eaton filed a response to the motion on January 15, 2005. (Doc. No. 18)

In her motion, the plaintiff asks for leave to conduct the following discovery:

 a. To determine any conflict of interest existing between Eaton and Galm;

 b. To determine the manner and extent to which any conflict of interest may have affected Eaton in making the benefit decision at issue;

 c. To determine the independence or neutrality of physicians and others whose medical opinions Eaton relied upon in denying Galm's LTD benefits.

 d. To determine the connection between any procedural irregularity and any potential conflict and the substantive decision reached by Eaton denying LTD benefits to Galm.

(Doc. No. 15, ¶ 4) Eaton resists the motion, arguing discovery ordinarily is not permissible in administrative ERISA cases, and arguing further that the exceptions permitting discovery in ERISA cases are not applicable to this case.

## A. Factual Background

The parties agree on most of the background facts. Galm worked for Eaton and was a participant in the company's LTD Plan. The Plan has a two-tiered disability benefit structure. Under the first tier, a participant has a covered disability if, during the first twenty-four months of disability, the participant is totally and continuously unable to perform the essential duties of the participant's job at Eaton, or the duties of any suitable alternative position with Eaton. Under the second tier, if the disability continues beyond the first twenty-four months, the participant has a covered disability if the participant is "totally and continuously unable to engage in any occupation or perform any work for compensation or profit for which [the participant is], or may become, reasonably well fitted by reason of education, training or experience—at Eaton Corporation or elsewhere." (Doc. No. 18, Ex. A, p. 000014) The LTD Plan provides the plan administrator with discretionary authority to determine eligibility for benefits and to construe the terms of the plan.[2]

Galm became eligible for first-tier benefits effective February 10, 2001, and received those benefits for twenty-four months. On August 27, 2002, Eaton, as "Plan Administrator," denied Galm's claim for second-tier benefits. Galm appealed

---

**2.** "The Plan Administrator shall have discretionary authority to determine eligibility for benefits and to construe any and all terms of the Plan, including, but not limited to, any disputed or doubtful terms. The Plan Administrator shall also have the power and discretion to determine all questions of fact and law rising in connection with the administration, interpretation and application of the Plan. Any and all determinations by the Plan Administrator shall be conclusive and binding on all persons, except to the extent reviewable by a court with jurisdiction under ERISA after giving effect to the time limits described in the 'Claims Appeal Procedure' section of this [Summary Plan Description]." (Doc. No. 17, Ex. 2)

this decision, and her appeal was denied. Galm then filed a second appeal to Eaton.

The Plan provides:

> The Plan Administrator will make its determination upon review of the Claimant's second appeal within 45 days after receiving the written appeal, unless the Plan Administrator determines that special circumstances require an extension of time of up to 45 days for processing the Claim. If the Plan Administrator determines that an extension of time for processing is required, written notice of the extension shall be furnished to the Claimant prior to the termination of the initial 45–day period. The extension notice shall indicate the special circumstances requiring an extension of time and the date by which the Plan Administrator expects to render the determination on review.

(Doc. No. 17, Ex. 3)

In a letter dated June 10, 2003, Eaton's appeal coordinator sent a letter to Galm requesting a thirty-day extension to continue its review of Galm's appeal and to forward the claim to Eaton for final determination. In the letter, the appeal coordinator stated Galm would receive a decision on her appeal no later than July 1, 2003. In response to the letter, Galm's attorney wrote a letter dated June 16, 2003, requesting a description of the "special circumstances" requiring an extension, and asking for "an immediate final determination so we may seek our remedy in district court." In a letter dated the next day, June 17, 2003, the appeal coordinator stated the extension of time had been requested because, "due to the voluminous medical information in Ms. Galm's file, additional time was needed in order to review, prepare and send the final brief to Eaton Corporation." According to Galm, this letter was written after expiration of the forty-five-day time period provided under the Plan for identifying the special circumstances requiring the extension of time. Eaton then denied Galm's claim for second-tier benefits.

### B. Discussion

■ In general, a district court has broad discretion in defining the scope of discovery, settling discovery disputes, and limiting the scope of discovery where appropriate. *See, e.g., Cook v. Kartridg Pak Co.*, 840 F.2d 602, 604 (8th Cir.1988); *Kaufman v. Edelstein*, 539 F.2d 811, 821 (2d Cir.1976); *Ross v. Bolton*, 106 F.R.D. 22, 23 (S.D.N.Y.1985). However, the scope of discovery in an ERISA case such as this "must be viewed in the light of the evidence that is admissible in ERISA cases." *Hawkins v. Arctic Slope Reg'l Corp.*, 344 F.Supp.2d 1331, 1337 (M.D.Fla.2002) (citing *Zack v. Hartford Life & Acc. Ins. Co.*, 2002 WL 538851, *7 (D.Kan.2002); *Fitts v. F.N.M.A.*, 204 F.R.D. 1, 4 (D.D.C.2001) ("The scope of discovery in ERISA cases permitted is simply not the same as the discovery permitted by Fed.R.Civ.P. 26(c)."); *Sheehan v. Metropolitan Life Ins. Co.*, 2002 WL 1424592, *4 (S.D.N.Y.2002)). As the *Hawkins* court observed, "[C]ourts remain sensitive to the concerns that they not become ERISA administrators of last resort and that the review process should be as inexpensive and expeditious as possible." *Hawkins*, 344 F.Supp.2d. at 1337 (citing *Fitts*, 204 F.R.D. at 4).

The standard of review in ERISA discovery disputes differs across the circuits. In their briefs, the parties have cited virtually all of the seminal opinions of the Eighth Circuit Court of Appeals relating to the appropriate standard of review for decisions of ERISA plan administrators, including: *Heaser v. Toro Co.*, 247 F.3d 826 (8th Cir.2001); *Glenn v. Life Ins. Co.*, 240 F.3d 679 (8th Cir.2001); *Schatz v. Mutual. of Omaha Ins. Co.*, 220 F.3d 944 (8th Cir.2000); *Davolt v. The Executive Comm. of O'Reilly Auto*, 206 F.3d 806 (8th Cir.2000); *Barnhart v. UNUM Life Ins.*

Co., 179 F.3d 583 (8th Cir.1999); *Farley v. Arkansas Blue Cross & Blue Shield,* 147 F.3d 774 (8th Cir.1998); *Woo v. Deluxe Corp.,* 144 F.3d 1157 (8th Cir.1998); *Brown v. Seitz Foods, Inc., Disability Ben. Plan,* 140 F.3d 1198 (8th Cir.1998); *Cash v. Wal–Mart Group Health Plan,* 107 F.3d 637 (8th Cir.1997); *Buttram v. Cent. States, S.E. & S.W. Area Health & Welfare Fund,* 76 F.3d 896, 901 (8th Cir.1996).[3] Although these cases shed a great deal of light on the standard of review in such cases, they say little about the discovery issue presented to the court here.

 The starting point for determining the standard of review in this Circuit is *Buttram v. Central States, Southeast and Southwest Areas Health and Welfare Fund,* in which the court held as follows:

> While ERISA itself does not specify the standard of review for a plan administrator's determinations, the Supreme Court has held that where a benefits plan gives the "administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan," then a court should review the plan administrator's decision only for abuse of discretion. *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 115, 109 S.Ct. 948, 956–57, 103 L.Ed.2d 80 (1989); *see also Cox v. Mid–America Dairymen, Inc.,* 965 F.2d 569, 571 (8th Cir.1992), *aff'd after remand,* 13 F.3d 272 (8th Cir.1993).

*Buttram,* 76 F.3d at 899; *see Heaser,* 247 F.3d at 833. In the present case, it is undisputed that the LTD plan granted such discretionary authority to Eaton (*see* Doc. No. 17, Ex. 2), so the appropriate standard for review of Eaton's decision to deny Galm second-tier benefits is abuse of discretion. "Under an abuse of discretion standard, the plan administrator's plan construction will be upheld, if reasonable." *Buttram,* 76 F.3d at 901. Ordinarily, review by the court under this standard is limited to the evidence in the administrative record. *Seitz Foods,* 140 F.3d at 1200; *Cash,* 107 F.3d at 641.

In *Woo v. Deluxe Corp.,* the court discussed an exception to this rule. In that case, the plaintiff applied for disability benefits under a long-term disability plan offered by her employer. The administrator of the plan denied her claim, and she brought suit in federal court. She asked the court to use a less deferential standard when reviewing the plan administrator's decision, alleging there were procedural irregularities and the administrator had a conflict of interest. In considering this argument, the Eighth Circuit Court of Appeals held as follows:

> To obtain a less deferential review, Woo must present material, probative evidence demonstrating that (1) a palpable conflict of interest or a serious procedural irregularity existed, which (2) caused a serious breach of the plan administrator's fiduciary duty to her. *See Buttram v. Central States, S.E. & S.W. Areas Health & Welfare Fund,* 76 F.3d 896, 900 (8th Cir.1996). To satisfy the second part of this requirement, Woo must only show that the conflict or procedural irregularity has "some connection to the substantive decision reached." *Id.* at 901; *see also Layes v. Mead Corp.,* 132 F.3d 1246, 1250 (8th Cir.1998).

*Woo,* 144 F.3d at 1160–61. The court in *Woo* found there was a serious procedural irregularity that was sufficiently connected to the decision to deny the plaintiff benefits under the plan to trigger a less deferential review. *Id.* at 1161. The court applied the abuse of discretion standard, but adopted a "sliding scale" approach,

---

**3.** In addition, Chief Judge Mark W. Bennett of this district has written extensively on the standard of review in these types of cases. See *West v. Aetna Life Ins. Co.,* 171 F.Supp.2d 856, 866–67 (N.D.Iowa 2001).

under which the reviewing court gives less deference to the administrator's decision in proportion to the seriousness of the conflict of interest or procedural irregularity.[4] *Id.*

The court will apply the *Woo* analysis to Galm's requests for discovery.

### 1. Procedural irregularity

■ In *Woo,* the procedural irregularity justifying a less deferential standard of review was that the opinions of two treating physicians were ignored. *See Woo,* 144 F.3d at 1161. In her request for discovery in the present case, Galm claims the LTD Plan's "requirements regarding extensions may not have been met," and "Eaton may have a financial conflict of interest as it is the employer, plan sponsor and plan administrator of the [LTD Plan]." (Doc. No. 16, p. 2) The only "procedural irregularity" claimed here is Eaton's failure to provide Galm with a timely reason for requesting an extension of time to respond to her appeal. While Eaton initially failed to state its reason for the requested extension as required by the Summary Plan Description, Eaton provided the reason one day after Galm asked for a description of the special circumstances underlying the request for extension. This is not the type of "egregious" failure faced by the court in *Woo. See Barnhart,* 179 F.3d at 589. Instead, here we have a hypertechnical procedural irregularity that, on its face, would have no bearing on the appropriateness of the abuse of discretion standard of review. As the *Buttram* court explained:

> It is important to remember that it is not the existence of procedural irregularities per se that will cause a court to employ a heightened standard of review when evaluating a plan administrator's decision. Rather, those irregularities

must have some connection to the substantive decision reached; i.e., they must cause the actual decision to be a breach of the plan trustee's fiduciary obligations. When, as here, the procedural irregularities do not demonstrate that the actual decision was reached without reflection and judgment, a deferential standard of review is appropriate.

*Buttram,* 76 F.3d at 901. Accordingly, discovery related to this procedural irregularity, and any alleged connection between the procedural irregularity and the substantive decision reached by Eaton in denying LTD benefits to Galm, is not appropriate. Galm's request for discovery on this issue is denied.

### 2. Conflict of interest between Eaton and Galm

■■ The first requirement of the *Woo* test for a less deferential standard of review of the plan administrator's decision by the court also is met if the claimant presents material, probative evidence demonstrating a palpable conflict of interest. *Woo,* 144 F.3d at 1160. There is no dispute that Eaton, as plan administrator, had a conflict of interest when ruling on Galm's claim for benefits. If Eaton had allowed the claim, it would have had to pay benefits to Galm; by denying the claim, Eaton did not have to pay these benefits. The Eighth Circuit has recognized that "something akin to a rebuttable presumption of a palpable conflict of interest" arises where the entity obligated to pay the benefits also is the plan administrator. *Schatz,* 220 F.3d at 947–48.

A palpable conflict of interest ordinarily will be apparent on the face of the administrative record. "Thus, the district court will only rarely need to permit discovery and supplementation of the record to es-

---

4. For a recent analysis of how the "sliding scale" approach works in practice, see *Fought* *v. Unum Life Ins. Co.,* 379 F.3d 997, 1005–07 (10 Cir.2004).

tablish [this fact]." *Farley,* 147 F.3d. at 776 n. 4. Here, the conflict is apparent from the administrative record, so the first prong of the *Woo* test, a palpable conflict, has been met. *See Barnhart,* 179 F.3d at 588. Because discovery relating to the existence of a conflict of interest is unnecessary, Galm's request for discovery on this issue is **denied**.

### 3. Extent to which conflict of interest affected Eaton's decision

 The second part of the *Woo* test for a less deferential standard of review of the plan administrator's decision is whether the claimant has presented material, probative evidence that the conflict of interest actually caused a serious breach of the plan administrator's fiduciary duty to the claimant. *Woo,* 144 F.3d at 1160. This prong presents a considerable hurdle to a claimant seeking a less deferential standard of review. *Schatz,* 220 F.3d at 948. "The evidence offered by the claimant must give rise to 'serious doubts as to whether the result reached was the product of arbitrary decision or the plan administrator's whim.'" *Barnhart,* 179 F.3d at 589 (quoting *Layes v. Mead Corp.,* 132 F.3d 1246, 1250 (8th Cir.1998)). *See Glenn,* 240 F.3d at 681 ("To obtain the less deferential standard, the beneficiaries must show, under the particular facts and circumstances of the case, that a conflict or procedural irregularity so tainted the process that it caused a serious breach of fiduciary duty.")

 The fact that a conflict existed does not automatically establish that the conflict caused a serious breach of Eaton's fiduciary duty to Galm. In *Farley,* the Eighth Circuit explained:

ERISA specifically contemplates the utilization of fiduciaries that may not be entirely neutral. *See* 29 U.S.C. § 1108(c)(3) (providing that employers may appoint their employees to serve as plan fiduciaries, despite the employer's status as a "party in interest"); 29 C.F.R. § 2560.503–1(g)(2) (providing that an insurance company may review and decide upon denied benefit claims after making the initial denial). Accordingly, not every allegation of impartiality alters the standard of review. A plan beneficiary is not entitled to less deferential review absent material, probative evidence demonstrating that a palpable conflict of interest existed, which caused a serious breach of the administrator's fiduciary duty.

*Farley,* 147 F.3d at 776. The question faced by the court here is whether Galm should be permitted to conduct limited discovery on this issue.

 "[C]onducting limited discovery for the purpose of determining the appropriate standard of review does not run afoul of the general prohibition on admitting evidence outside the administrative record for the purpose of determining benefits." *Farley,* 147 F.3d. at 776–77 n. 4. In *Burke v. Univar USA, Inc.,* 354 F.Supp.2d 1047, 1048–52 (E.D.Mo.2005), a case similar to the present one, the court permitted discovery relating to possible procedural irregularities that might have affected the appropriate standard of review. The *Barnhart* court also recognized that limited discovery is permissible for the purpose of determining the appropriate standard of review, and does not violate the general prohibition on admitting evidence outside the administrative record. *See Barnhart,* 179 F.3d at 590 (citing *Seitz Foods,* 140 F.3d at 1200–01).

 An inquiry into whether a conflict of interest affected the decision of a plan administrator is "fact specific." *Davolt,* 206 F.3d at 809. Accordingly, it is appropriate that discovery be permitted on the question. *See, e.g., Hawkins v. Arctic Slope Reg'l Corp.,* 344 F.Supp.2d 1331, 1337 (M.D.Fla.2002) (discussing variations

in standard of review employed by various circuits, and noting that "while the standard of review, to an extent, defines the scope of discovery, some discovery may be needed to determine the standard of review"); *Hensley v. Northwest Permanente P.C. Retirement Plan & Trust*, 5 F.Supp.2d 887 (D.Or.1998) ("To determine whether ... alleged conflicts of interest will bear fruit and ripen into proof of actual conflicts of interest, plaintiffs are entitled to some limited discovery to seek probative evidence to support their allegations."); *Robbins v. Milliman USA Long Term Disability Ins. Plan*, 2003 WL 22246952, *6 (S.D.Ind.2003) (because potential conflict or bias of "actual decisionmaker" is relevant factor in weighing whether denial of benefits was arbitrary and capricious, discovery regarding such a potential conflict or bias is permissible under Fed.R.Civ.P. 26(b)).

Galm's request to conduct limited discovery on the subject of the extent to which the conflict of interest between Eaton and Galm affected Eaton's decision to deny Galm's claim for second-tier long-term disability benefits is **granted**.

### 4. Independence or neutrality of opinions relied upon by Eaton

■ Galm seeks discovery on the question of whether Eaton relied on independent or neutral opinions in deciding to deny her claim. Galm has not advanced any reasoning, argument, or factual basis for this requested discovery. As the *Hawkins* court noted, "Potentially, evidence outside the administrative record such as testimony from physicians who treated the plaintiff or who reviewed [her] records, or any other evidence related to Plaintiff's illness or the claim denial, may be considered by [the] court and may be relevant." 344 F.Supp.2d at 1336. However, such evidence may be relevant only if the limited discovery the court has allowed by this order indicates the conflict of interest im-

pacted Eaton's fiduciary duty to Galm. *See id.* at 1336–37. Because Galm has offered no justification or argument for her request to conduct this discovery, the court is unable to determine whether the discovery would be appropriate at this juncture.

Therefore, this request is **denied, without prejudice** to its resubmission, with proper support. The court recognizes that supporting facts may only come to light, if at all, as a result of the limited discovery allowed by this order.

Galm is directed to begin the discovery allowed by this order immediately. The deadline for completion of such discovery is **April 18, 2005**. Any reasserted motion for additional discovery relating to the independence or neutrality of opinions upon which Eaton relied in denying Galm's claim must be filed, together with proper supporting argument and authorities, by April 25, 2005.

**IT IS SO ORDERED.**