**WESTERN WORLD INSURANCE
CO., Plaintiff,**

v.

**ARCHITECTURAL BUILDERS
OF WESTPORT, LLC, et
al., Defendants.**

No. 3:06CV01605(DJS).

United States District Court,
D. Connecticut.

Jan. 18, 2008.

Jack G. Steigelfest, Howard, Kohn, Sprague & Fitzgerald, Hartford, CT, for Plaintiff.

Jules Lang, Lepofsky, Lepofsky & Lang, Norwalk, CT, John J. Morgan, Barr & LaCava, Darren P. Renner, Lustig & Brown, Stamford, CT, Joseph Michael Musco, Law Offices of Brian J. Farrell Jr., New Haven, CT, Lawrence G. Widem, Attorney General's Office, Hartford, CT, for Defendants.

### MEMORANDUM OF DECISION
### AND ORDER

DOMINIC J. SQUATRITO, District Judge.

On October 12, 2006,[1] the Plaintiff, Western World Insurance Co. ("Western World"), commenced this action pursuant to 28 U.S.C. § 2201, seeking a declaratory judgment that it is not obligated to provide insurance coverage under an insurance policy issued to Defendant Architectural Builders of Westport, LLC ("Architectural Builders"), of whom Defendant James Lamb ("Lamb") is a member, for alleged work-related injuries suffered by Defendant Carlos Garcia–Vargas ("Garcia–

---

1. Although the Complaint is dated September 28, 2006, the docket reflects that the Complaint was filed on October 12, 2006. (*See* dkt. # 1.)

Vargas"). Architectural Builders and Lamb had filed a two-count Amended Counterclaim, alleging that Western World's conduct constitutes "unfair insurance and unfair trade practice under Connecticut law," and seeking a declaratory judgment that Western World is obligated to provide insurance under the above-mentioned insurance policy.

Western World filed a motion to dismiss the Second Count of the Amended Counterclaim,[2] which the court granted in a decision dated November 8, 2007. (*See* dkt. # 39.) Now, Architectural Builders and Lamb have filed a motion for leave to amend their special defenses and counterclaim (dkt.# 42), to which Western World has filed an objection (dkt.# 43). For the following reasons, Western World's objection (dkt.# 43) is overruled, and Architectural Builders' and Lamb's motion for leave to amend their special defenses and counterclaim (**dkt.# 42**) is **GRANTED.**

## I. FACTS

The background of this case is relatively brief. Western World issued an insurance policy, Policy No. NPP900229, ("the Policy") to Architectural Builders. The Policy, whose effective dates were July 9, 2004 through July 8, 2005, included commercial liability coverage, and generally provided coverage to the insured for sums the insured became legally obligated to pay because of bodily injury resulting from an occurrence, subject to the terms, conditions, exclusions, definitions and other provisions of the Policy. Garcia–Vargas claims that, on March 16, 2005, he sustained injuries while working on a job site where Architectural Builders was apparently performing construction services.[3]

Western World alleges that the terms of the Policy limited the Policy's coverage to the specific locations and operations described in the "Schedule" of the Policy's "Limitation of Coverage to Designated Premises or Project" ("the Endorsement"). According to Western World, the site at which Garcia–

Vargas allegedly sustained his injuries was not one of the locations described in the Schedule. Thus, Western World argues that, pursuant to the terms of the Policy, is it not required to indemnify Architectural Builders or Lamb. Architectural Builders and Lamb argue that Western World is obligated to provide insurance coverage for any injuries Garcia–Vargas may have sustained on March 16, 2005, and that Western World's contentions to the contrary violate Connecticut law.

## II. DISCUSSION

Architectural Builders and Lamb request permission to amend their pleadings by adding the following: (1) a special defense alleging that Western World is estopped from denying coverage under the Policy because the site of Garcia–Vargas' alleged injuries was added to the Policy, Western World was charged an additional premium for that site, and was provided with certificates of insurance to be issued to the site's property owner indicating coverage; (2) a special defense that Western World's conduct violated its obligation of good faith and fair dealing, resulting in unjust enrichment; and (3) a count alleging that Western World violated the implied covenant of good faith and fair dealing. Western World objects to these amendments to the counterclaim, arguing that Architectural Builders and Lamb have waived the opportunity to amend the counterclaim because they failed to plead the above-mentioned claim and special defenses after the court ordered them to file an amended counterclaim on or before August 24, 2007. Western World also argues that the motion to amend comes on the eve of the discovery deadline, thus prejudicing its ability to conduct discovery on the new claim and special defenses. Western World further argues that the motion to amend should be denied because Architectural Builders and Lamb, by failing to submit a memorandum of law in support of their motion, violated Rule 7(a) of

---

2. The original Counterclaim was filed on March 15, 2007. (*See* dkt. # 9.) On April 12, 2007, Western World filed a motion to dismiss the Second Count of the Counterclaim. (*See* dkt. # 10.) The court denied the motion to dismiss without prejudice, and ordered Architectural Builders and Lamb to file an amended counterclaim on or before August 24, 2007. (*See* dkt.

# 24.) The Amended Counterclaim was filed on August 13, 2007. (*See* dkt. # 25.)

3. As a result of this alleged incident, Garcia–Vargas brought an action in the Connecticut Superior Court for the Judicial District of Stamford at Stamford against, among others, Architectural Builders and Lamb.

the Local Rules of Civil Procedure for the District of Connecticut ("D.Conn.L.Civ. R.").

■■■ Rule 15 of the Federal Rules of Civil Procedure ("Fed. R. Civ.P.") directs that leave to amend a pleading "shall be freely given when justice so requires." Fed. R.Civ.P. 15(a). Nevertheless, it is true, as Western World notes, that there are circumstances in which the district court may deny a party's request to amend a pleading. As the Second Circuit has pointed out, "it is within the sound discretion of the district court to grant or deny leave to amend. . . . A district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir.2007); *see Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). The court does not believe, though, that any of these factors apply here.

■■■ First, the court is not convinced that the failure to allege the new count and special defenses in the August 13, 2007 Amended Counterclaim was done in "bad faith," which would disallow the opportunity for Architectural Builders and Lamb to amend their pleading. The court ordered Architectural Builders and Lamb to file an amended counterclaim in light of Western World's first motion to dismiss, which was specifically directed at the Connecticut Unfair Trade Practices Act ("CUTPA") and Unfair Insurance Practices Act ("CUIPA") allegations in the Second Count of the original Counterclaim. Although it would have been more argue for Architectural Builders and Lamb to include the new count and special defenses in the first Amended Counterclaim, it was not unreasonable for them to believe that the court wanted them only to bolster the CUTPA and CUIPA allegations in the Second Count. In addition, the court does not believe, as Western World apparently does, that the conduct of Architectural Builders and Lamb constitutes some form of skulduggery.

Second, the court finds fault with Western World's argument that leave to amend should be denied once the court had already given an opportunity to plead fraud with greater specificity. Western World cites to *Luce v. Edelstein*, 802 F.2d 49, 56 (2d Cir.1986) in support of this argument. In the court's view, Western World's reliance on *Luce* is misplaced. To begin with, the Second Circuit in *Luce* was discussing the propriety of dismissing, without leave to amend, a complaint under Rule 9(b) of the Federal Rules of Civil Procedure, which governs all averments of fraud or mistake.[4] Here, on the other hand, no party has discussed the applicability, if any, of Rule 9(b) to the parties' claims; rather, Western World's motions to dismiss were brought solely pursuant to Rule 12(b)(6), namely, that Architectural Builders and Lamb had failed to state a claim upon which relief could be granted under either CUTPA or CUIPA. Thus, the applicability of *Luce* to this case is doubtful.

Furthermore, even if *Luce* were applicable to this case, the court does not read *Luce* as standing for the proposition that a party should be given only one opportunity to amend a pleading. Instead, *Luce* simply states that "[i]n cases where such leave [to amend] has not been granted, plaintiffs have usually already had one opportunity to plead fraud with greater specificity. . . ." *Luce*, 802 F.2d at 56. The Second Circuit then cited to cases where leave to amend had been denied, but only after a number of opportunities to do so had already been given. *See id.* (citing *Armstrong v. McAlpin*, 699 F.2d 79, 93–94 (2d Cir.1983) ("[T]he district court did not abuse its discretion in refusing to give plaintiffs a fourth attempt to plead."); *Decker v. Massey–Ferguson, Ltd.*, 681 F.2d 111, 115 ("[W]e find no abuse of discretion in the district court's refusal to give plaintiff's attorneys a third attempt to restate the defective allegations."); *Denny v. Barber*, 576 F.2d 465, 470–71 (2d Cir.1978)). Here, however, the court does not believe that granting such leave to amend would be mollycoddling. *See Estate of Axelrod v. Flannery*, 476 F.Supp.2d 188, 198 (D.Conn.2007) ("So, even though the court believes that plaintiffs not ought to amend their complaints *ad infinitum*, the court does not find that this case

---

**4.** "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed.R.Civ.P. 9(b).

has reached the point where allowing Plaintiff to amend its claims would be an excessive indulgence.")

Additionally, the court points out that Architectural Builders and Lamb are not attempting to remedy the same defective claims that they alleged in the original Counterclaim and first Amended Counterclaim (i.e., violations of CUTPA and CUIPA). This is not a situation where the court has granted a number of opportunities to re-plead the CUTPA and CUIPA claims. Instead, Architectural Builders and Lamb seek leave to submit a new cause of action (i.e., a violation the implied covenant of good faith and fair dealing) and new special defenses. Thus, any discussion of "re-pleading," which was the issue in *Luce,* becomes irrelevant.

■ Third, the court is not persuaded by Western World's argument that because this motion to amend comes on the eve of the discovery deadline, the ability to conduct discovery on the new defenses and claim is prejudiced. The court has broad discretion in managing pre-trial discovery. *Wood v. F.B.I.,* 432 F.3d 78, 84 (2d Cir.2005); *see Galm v. Eaton Corp.,* 360 F.Supp.2d 978, 982 (N.D.Iowa 2005) (stating that district court has wide latitude "in defining the scope of discovery, settling discovery disputes, and limiting the scope of discovery where appropriate."). Thus, the court can extend discovery deadlines whenever such an extension is warranted. If Western World feels that an extension of the discovery deadlines is warranted, especially considering that a new claim and new defenses have been added to this case, it is perfectly free to move the court for such an extension.

Fourth, the court shall not deny permission to amend because of Architectural Builders' and Lamb's apparent violation of Rule 7(a) of the Local Rules of Civil Procedure for the District of Connecticut, which requires that "[a]ny motion involving disputed issues of law shall be accompanied by a written memorandum of law.... Failure to submit a memorandum may be deemed sufficient cause to deny the motion." D. Conn. L. Civ. R. 7(a). Architectural Builders' and Lamb's motion to amend was filed on December 14, 2007 without a memorandum of law. It is not clear whether this motion involves "disputed issues of law" requiring the court to be inhumed by memoranda containing lengthy leguleian dissertations. In any event, Architectural Builders and Lamb rectified this omission by filing a memorandum of law on December 31, 2007, thus making this a moot point. Consequently, Architectural Builders' and Lamb's motion for leave to amend their special defenses and counterclaim (**dkt.# 42**) is **GRANTED.**

### III. CONCLUSION

For the foregoing reasons, Western World's objection (dkt.# 43) is overruled, and Architectural Builders' and Lamb's motion for leave to amend their special defenses and counterclaim (**dkt.# 42**) is **GRANTED. Architectural Builders and Lamb shall file their Second Amended Counterclaim on or before January 25, 2008.**